MARTHA BIVINS, plaintiff in error, *vs.* JAMES H. BIVINS, defendant in error.

A bill filed against a defendant to require him to execute a title to land upon the ground of fraudulent procurement of the title thereto, in his own name, is not such a suit respecting titles to land, as will give jurisdiction to the Court in the county where the land lies, where the defendant resides in a different county. In such a case the defendant must be sued in the county where he resides.

Equity. Jurisdiction. Demurrer. Decided by Judge WORRILL. Schley Superior Court. October Term, 1867.

The averments of this bill, which are necessary to an understanding of the decision, are but few.

Mrs. Bivins averred that James H. Bivins, of the County of Taylor, had by fraud, (stating the facts upon which the charge of fraud was based,) obtained title in himself to certain valuable lands, which were situated in Schley county, when in fact he should have taken the title to her. Her prayer was that he should be made to convey said lands to

her. The bill was demurred to upon the ground that, it appearing by the bill that the defendant resided in Taylor county, and nothing being averred to give jurisdiction to Schley county, except the bare fact that the land was in Schley county, the Superior Court of Schley county had no jurisdiction over the case.

The demurrer was sustained, and this is complained of here.

BLANFORD & MILLER, B. HILL, for plaintiff in error, cited Smith vs. Bryan, 34th Ga. R., 53 ; 18th Ga. R., 719, 368.

EDWARDS & HOLSEY, S. HALL, for defendants in error, cited Penn vs. Ld. Baltimore, 2 W. & T's. L. cases, p. 2d, p. 308, Adams vs. Lamar, 8th Ga. R., 83, Code, sections 3032, 4125, and Smith vs. Bryan, 34th Ga. R., 59.

WARNER, J.

The error assigned to the judgment of the Court below in this case is, in sustaining the demurrer to complainant's bill, and dismissing the same for want of jurisdiction.

The bill was filed in the county of Schley, alleging that the defendant had fraudulently procured the title to certain lands, situated in the last named county, to be taken in his own name, praying that he might be decreed to convey the same to the complainant, and account for the rents and profits thereof. It appeared on the face of the bill that the defendant resided in the county of Taylor. It is contended that the Superior Court of Schley county had jurisdiction under that clause of the ·Constitution, which declares that " all cases *respecting* titles to land shall be tried in the county where the land lies," that this case *was* "*respecting* title to land." The object of this bill, as we understand it, was for the purpose of obtaining a title to land, rather than to try, or litigate that title ; neither the possession, or the right of possession to the land in Schley county, was involved. The question presented by the record in this case, comes fully

within the decision of this Court, in Smith *vs.* Bryan, 34th Ga. Rep., 59, and must be controlled by it. Let the judgment of the Court below be affirmed.