Fahn *vs.* Bleckley.

---

Elizabeth E. Fahn, plaintiff in error, *vs.* Logan E. Bleckley, defendant in error.

| 55 | 81 |
|---|---|
| 114 | 607 |
| 55 | 81 |
| 115 | 14 |

(Bleckley, Judge, being a party thereto, did not preside in this case.)

1. Where a party seeks to recover in ejectment upon the perfect equity arising out of a bond for titles with purchase money paid, it must be clearly proven that all the purchase money has been paid by the plaintiff, and where the element of notice is involved, possession under the bond is also necessary, unless the notice be otherwise clearly shown.

2. Where A holds the legal title and B's money has paid the consideration of the deed, and C purchases from A without notice, actual or constructive, of B's equity, C will be protected. His title is good against B's equity.

3. So, where a father bids off property at a sale by an administrator, one-fourth of the price to be paid cash, and the balance in equal installments at one and two years, and gives his individual notes therefor and takes a

bond for titles in the name of his daughter, but when the last installment is paid, has the deed made to himself, whether his or her money bought the land, if it be sold by the sheriff under a mechanic's lien against him, he being in possession, the purchaser at such sale, in ignorance of the fact that she had any claim, having no notice thereof, actual or constructive, buys a good title against all equities of the daughter and transmits it to those who claim under him.

4. It was competent to prove by the administrator that at the time of the execution of the deed, when the father paid the last installment, that he (the father,) directed the deed to be made to him individually, even though the plaintiff was neither present nor consenting thereto. This saying constituted a part of the *res gestæ.* (R.)

Ejectment. Bond for titles. Title. Notice. Judicial sale. Evidence. *Res gestæ.* Before Judge HOPKINS. Fulton Superior Court. April Term, 1875.

Reported in the opinion.

McCONNELL & HEYWARD; GEORGE N. LESTER; CANDLER & THOMSON, for plaintiff in error.

A. W. HAMMOND & SON; P. L. MYNATT, for defendant.

JACKSON, Judge.

This was an action of ejectment brought in the common law form. Two demises were laid, one in the name of Ezzard, administrator of Ivey, and the other in that of E. E. Fahn. The first was not relied upon, and issue was joined and the case tried on the second. The facts are briefly these: Ezzard, as administrator of Ivey, sold lots of land, numbers twenty-one, twenty-two, thirty-three and thirty-four, in the city of Atlanta, for one-fourth cash, and the balance at one and two years. Frazer bid off the lots, paid one-fourth cash, and gave his notes for the balance, at one and two years, and directed Ezzard to make him bond for titles in the name of his daughter, then a child four or five years old, now Mrs. Fahn, and the plaintiff in this action. As to the point whether the father's money or that of the daughter paid for the land, the evidence is conflicting. It is certainly not clear that her

Fahn *vs.* Bleckley.

money paid the cash installment, for then he had none of hers on hand, nor is there any positive evidence that the money he got from her half-brother's estate paid either of the subsequent installments. The price, all told, was some $400 00. Frazer, though not rich, was engaged in running a bar part of the time, and keeping a public house at the Stone Mountain at another, and it is in proof that he was in such circumstances that he could have commanded such a sum of money as this. His returns are in evidence, as guardian of his child, the plaintiff, and this money which he received from her half-brother's estate, is all regularly charged against him, and no order obtained to invest it in land, nor any mention made of its being so invested. When he paid the last install-ment he directed Ezzard to make the deed to himself, and took up the bond to the child. He returned the land as his, and paid tax thereon; the money he returned as the child's, and paid taxes thereon for her. He went into possession of the land; was married the second time; lived there with the second wife and family, and the record does not show that the daughter by the first marriage lived with him. As he was her father and guardian, the probabilities are that she did; but if so simply as his child and ward, and in no sense in possession of the land in her own right adversely to him. The question *in limine*, at the threshold of this case, is, can she recover in ejectment upon such a title as this?

1, 2. This court has carried the doctrine of the recovery in ejectment upon an equitable title, fully as far as it means to go. It has ruled that a bond for titles, with the purchase money fully paid and possession in the purchaser, constitutes a perfect equity on which there can be a recovery in ejectment. It has gone also to the extent of holding that a bond for titles with purchase money all paid, may constitute such equity without possession in the vendee. We will adhere to the former proposition that there may be a recovery where such bond is supported by full payment and possession in all cases, and in cases where the element of notice is not involved, we will hold full payment of the purchase money with the bond

Fahn *vs.* Bleckley.

sufficient. In the case at bar, there is no proof of possession in the plaintiff; no proof that she ever set foot on the lot as hers, or that her father held it as guardian for her. On the contrary, he took the deed to himself and exercised all manner of acts of ownership over it; offering it as security to borrow money, paying taxes upon it, fencing it in, building upon it, suffering a judgment to go against him on a carpenter's lien upon it, and having it sold at sheriff's sale without a whisper that it belonged to his child. If he held the possession for her, is it credible that he would have so acted? We think not. Nor is there any positive proof that her money paid for it, certainly none that hers was the entire consideration that her father paid. We think that where land has passed from purchaser to purchaser for twenty years or more, and the title and possession is sought to be disturbed at law by the legal remedy of ejectment, upon a title of this sort, the evidence should be strong and overwhelming that the whole money has been paid by the plaintiff for the purchase and that possession has accompanied it. We, therefore, hold, under the facts, that the plaintiff was not entitled to recover upon the case made by herself. See *Miller vs. Swift*, 39 *Georgia Reports*, 91 ; 29 *Ibid.*, 485.

3. The defendant's title rests upon a deed made by Ezzard, administrator, to Frazer—possession in Frazer—a judgment lien against him for work actually done upon the premises enclosed by him ; a sale by the sheriff; and the transmission of the possession with every thing sufficiently regular, at least, for color of title. It is true that the judgment is sought to be attacked ; it may be irregular, but it is not void, and the deed of the sheriff under it transmitted whatever title Frazer had. His was the legal title, and that is now in the defendant. There may be equities as between father and daughter arising out of these transactions. It is possible that some of her money may have gone into this land, but there is no shadow of proof that defendant, or any one under whom he claims since the sale by the sheriff, ever had the slightest notice of the fact, indeed, of her claim at all, and a purchaser for value

of the legal title without notice of such equity in her, will be protected. See 51 *Georgia Reports*, 15, and many cases before. In the view we have taken of this case, it is scarcely necessary to consider the minor points ruled by the court on the admissibility or rejection of evidence.

4. We think, however, the sayings of Frazer complained of in the third ground of the motion for a new trial, clearly admissible as part of the transaction. The purchase began with the bid and ended with the deed, and the sayings of the parties to the deed when it was made are *res gestæ.* The conduct and sayings of the parties at the sheriff's sale were also admissible for the same reason. So, also, the various rulings of the court on the admissibility and rejection of evidence, and the charges and refusals to charge, appear to us correct in the main, and if there be error in any of them such error does not affect the merits of the case, in the light in which we view the law. So we affirm the judgment of the court in refusing to grant a new trial in the case.

Judgment affirmed.