## RODGERS *v.* PRICE.

In an action by one of several tenants in common for the partition of lands, where the only question before the court is whether or not a fair and equitable division of the land can be made by metes and bounds, the judge has the legal right, under section 4793 of the Civil Code, to determine this question without the intervention of a jury.

Submitted June 10,—Decided July 22, 1898.

Application for partition. Before Judge Felton. Bibb superior court. April term, 1897.

Price brought his petition alleging that he and J. T. Rodgers bought certain land described, and Rodgers made a deed to an undivided half-interest in it to Brooks, as guardian for Frank F. Rodgers and Annette Rodgers, minors; that the land could not be divided in a fair and equitable manner by metes and bounds, because of the boundaries, situation, size, and location of the lot, and because of the size of the respective interests of the tenants in common therein, and that by reason of its size and location its value would be greatly depreciated by a division and partition in kind; and he prayed that the court order a sale of the property for division among the owners according as their respective interests might be decreed by the court, and that three commissioners be appointed for this purpose. The land consisted of parts of two lots in the city of Macon, fronting 75 feet more or less on a street and running back the same width along an alley 288½ feet to an alley in the rear. Notice of the application was given to J. T. Rodgers, and to Brooks as guardian. The only answer was filed by J. T. Rodgers, in which he denied that the land could not be divided in kind. He averred, that there were no encumbrances on the land, and therefore an equitable division could be made without making a sale of it;

that there was no market demand for real estate in the city of Macon, and to force the sale of the land would therefore result in great loss and injury to him; that he believed there was a scheme on the part of the petitioner to force a sale and buy the land himself at a nominal figure, petitioner knowing that the other parties at interest were in no position to purchase the whole tract; that defendant was willing to sell his interest in the land at a reasonable price and for less than it cost, but was opposed to a forced sale, etc.

The court, over the objection of J. T. Rodgers, proceeded without a jury to hear evidence in support of the petition, and passed an order directing a sale of the property.

*H. F. Strohecker,* for plaintiff in error.
*Ryals & Stone,* contra.

LEWIS, J.   The solution of the question raised by the assignment of error in this record depends upon what construction should be given the word " court " as used in section 4793 of the Civil Code.   Sometimes this word, as applied to a particular branch of the judiciary, is used in its comprehensive sense, and embraces all the official machinery of a particular court, including judge and jury, if a jury should be one of its tribunals in determining issues.   But we have never known the word applied so as to designate a jury alone.   Where the term is used in the statute that is intended to designate what official shall determine and pass upon certain issues in the court, it invariably means the presiding judge.   Whenever it is the legislative intent that the issues in any proceeding should be submitted to a jury, the word " jury " is used, and not " court."   In the latter part of the section cited it is stated, "the *court* shall order a sale of such lands," etc.   Evidently this applies to the judge, for no one ever heard of a jury *ordering* a sale of property.   We can see no reason for giving the same word one meaning in the first part of the section and an entirely different one in the last. This view is strengthened by the provisions of section 4791 which declares when an issue shall be made up and tried by a jury.   The word *jury* is there used, and not *court.*   Where objections are filed to the right of an applicant for partition, show-

ing by way of defense any matter in bar of the partition asked for, or that the applicant is not entitled to so much of the land as is awarded to him, or to any part thereof, then this presents the issue for a jury trial; but, under section 4793, when the only issue, as in this case, is whether a fair and equitable division of the land can be had by metes and bounds, this issue must be determined by the *court,* that is, by the *judge,* and if it shall appear to'him that such a division can not be had, then he shall order a sale of the lands.

The question of the constitutionality of this provision in the act is not directly made by this record. The plaintiff in error seems to claim the right of trial by jury *under the statute* without calling directly in question the validity of the statute on account of it depriving him of the right of trial by jury. We do not think, however, there is any trouble on this score, under previous adjudications of this court upon the subject of this important right of a litigant. The effect of these rulings is not to extend the right beyond the limits as it existed prior to the adoption of the constitution. As stated by Justice Atkinson in *Stewart* v. *Sholl,* 99 *Ga.* 537, " The limitations upon this right are to be found in the common law, and except only in so far as it has been modified by the constitution, it remains of force in this State to the same extent only as it existed at common law." No such right existed at common law in equitable proceedings. In *Griffin* v. *Griffin,* 33 *Ga.* 109, Lyon, J., said: "The proceedings under that act, for partition of lands, are in the nature of a proceeding at equity, in which the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties, in respect to their respective titles, and awarding a partition, according as he shall find the parties entitled, as fully and completely as if it were a bill in chancery for that purpose." This is cited approvingly in *Hamby* v. *Calhoun,* 83 *Ga.* 317. It has been directly decided that in proceedings to partition land there exists no constitutional right of trial by jury. Flaherty *v.* McCormick, 113 Ill. 538; Pillow *v.* Improvement Co., 92 Va. 144. The right of trial by jury on this particular issue seems never to have existed in Georgia. Under the provincial act of March 26, 1767, Wat-

kins's Digest, 315, which provides for a partition of lands and tenements held in coparcenary, joint tenancy and tenancy in common, not a word is said about a jury trial, not even when title to the property is involved in the partition proceedings, and manifestly no such right existed under the act. So it appears that when the first constitution of the State was adopted, no right of trial by jury in such cases existed at all; and when the present constitution of the State was adopted, no such right existed by statute for a jury trial on the particular issue involved in this case. Section 4793 of the Civil Code is simply a codification of the act of December 26, 1837 (Cobb's Dig. 583-4). The original act makes it still clearer that it was the purpose of the legislature to confer upon the judge the power of ordering a sale of lands, should it be made to appear to him that a fair and equitable division could not be had in kind; for it states that when either of the parties in interest shall, by his or her affidavit, or other proof, make it satisfactorily appear to the court that a fair division can not be had by metes and bounds, then the *court* shall order a sale of the lands and tenements. Such a thing as trying the issue before a jury by affidavits is unheard of in the practice. In any view then that we take of this case, we think the court did right in refusing to submit the issue to a jury. *Judgment affirmed. All the Justices concurring.*