LESTER *et al. v.* STEPHENS, executor, *et al.*

1. A trust created by a will, executed in the year 1900, for the benefit of the testatrix's brother and sisters (naming them), who, at the time of the execution of the will and at the time of the death of the testatrix, were sui juris and had no intemperate, wasteful, or profligate habits, and without limitation over, was executed at the time of the death of the testatrix, and as against the trustee the beneficiaries were entitled to the property.

2. The third item of the will, which appoints the husband of the testatrix the trustee for her brother and sisters, which directs him as such trustee and as executor of the estate, to take charge of all the property given them, and to keep the real estate together and which forbids his disposing of it, but provides that he shall have the sole and exclusive control and management of it during his life, to be managed as he may deem best, with power to purchase stock and "run the farm," sell any personalty he may deem advisable, and dispose of timber on the land, does not give the husband a life-estate in the property nor any use or interest in the same as an individual.

3. As the title to the devises and legacies did not pass to the beneficiaries until the executor had assented thereto, they could not recover the property from him without alleging an assent or a refusal to assent, although the estate owed no debts. A court of equity may compel the executor to assent in a case where he unreasonably refuses to do so.

4. The time allowed by the code in which executors and administrators are exempt from suit does not apply to suits by legatees and devisees to restrain the executor and others co-operating with him from wasting the estate by cutting and selling timber from the land, the executor being insolvent and having given no bond, and claiming a life-interest in the estate antagonistic to the claims of the plaintiffs and to a proper construction of the will.

Argued April 15, — Decided May 21, 1901.

Petition for injunction, etc. Before Judge Littlejohn. Webster superior court. February 16, 1901.

This was a petition by which devisees under the will of Mattie J. Stephens sought to obtain possession of the devised property, in the possession of Peter Stephens, the executor, and to have a part of the will, in which he was appointed trustee for them and given control of the property during his lifetime, declared void; an accounting from him; a decree that there was no necessity for administration, and canceling the letters of administration; an injunction against the cutting and removal of timber which he had sold to other persons, who were made defendants to the petition, and against the collection by him of money due the estate and his disposing of cotton grown on the land, or of other property of the estate; and the appointment of a receiver to take charge of the property. The petition, among other things, alleged that all the devisees were more than twenty-one years of age at the time of the death of the testatrix, and that there was no reason why there should be a trustee for any of them, and no necessity for administration, there being no debts; and that Peter Stephens was insolvent, and was, by reason of want of business capacity, an unfit person to manage the estate. There was a demurrer on the grounds, that no cause of action was set out; that the defendant Stephens was entitled to the possession of the property; that less than one year had elapsed from the probate of the will; and that the remedy of the plaintiffs was by petition to the ordinary to require Stephens to give bond as executor, and, on default, to remove him from the trust, the court of ordinary alone having jurisdiction of such matters. In his answer Stephens denied the allegations as to his insolvency and his unfitness to manage the estate. He admitted that there were no debts of the estate so far as he knew, but alleged that twelve months from the decedent's death had not expired. The court, after hearing the evidence, refused to grant an injunction or appoint a receiver, and stated in the judgment that the plaintiffs had failed to show waste. The plaintiffs excepted. The material parts of the will are as follows: " Item 2nd. It is my will and desire that all of my property of every kind . . of which I may die seized and possessed shall belong to and be the property of my brother and sisters [naming them], who share in the distribution of my estate share and share alike. . . Item 3rd. It is my will and desire that my husband,

Peter Stephens, shall take charge of all my property of every kind hereinbefore mentioned in item second of this my will, as trustee for the beneficiaries therein mentioned in said item second, and also as executor of my estate, who shall keep my real estate together and in no wise dispose of the same, but he shall have the sole and exclusive control and management of all my property during his natural life, to be managed by him as in his judgment he may deem best; and to this end he may purchase stock and run the farm, replace any stock that may die off which I now own, out of my estate, and may sell off any personalty he may deem advisable, or dispose of timber on my lands. Item 4th. It is my will and desire that my husband, Peter Stephens, as trustee for the beneficiaries of this my last will, and as executor of my estate, shall not be required to make any returns of expenditures to any court, nor shall there be an inventory of my property, nor be required to answer to any court for his actings and doings as trustee or executor, nor shall my husband be required to make bond and give security as trustee or executor, but his control shall be absolute as herein specified; nor shall the said Peter Stephens be required to answer to or be responsible to any person or persons whatsoever as to his acts and doings as trustee or executor."

*Hatcher & Carson*, for plaintiffs.

*J. H. Martin* and *E. T. Hickey*, for defendants.

SIMMONS, C. J. In May, 1900, Mrs. Stephens made her will. She died in the following July. So far as the will is material to the present case, its exact terms are shown by the reporter's statement, supra. By it she gave her brother and sisters all of her property. In the third item she undertook to create a trust in the property given, and to appoint her husband, Peter Stephens, trustee. Her husband was also appointed executor. She directed that her husband should have full control and management of the property for the term of his natural life. The husband qualified as executor, and took possession of the property. In December, 1900, the brother, two of the sisters named in the will, and the husband and children of the other sister (who had died subsequently to the death of the testatrix) filed an equitable petition against Stephens, as executor and trustee, and two others. The petitioners claimed to be the sole devisees and legatees under the will, alleged that the es-

tate owed no debts and that there was no necessity for administration, and claimed that the trust attempted to be created was executed at the death of the testatrix, as all of the beneficiaries were sui juris and had no intemperate, wasteful, or profligate habits.   They also alleged that Stephens claimed a life-interest in the property, that he was insolvent, had given no bond, and was incompetent to manage the estate.   They also alleged that he was wasting and mismanaging the estate, having made a contract with his codefendants to cut, saw, and sell the trees and standing timber upon the land, and that he was in other respects mismanaging the estate. They prayed for a construction of the will, that the trust be declared to be executed and void, that the executor be compelled to turn over the property to them as there was no necessity for administration, and that the defendants be restrained from committing the acts of waste and mismanagement alleged.   Stephens answered, claiming that, under the will, he had a life-estate in the property devised and bequeathed, admitting his insolvency but denying his incompetence to manage the estate, and denying that he was committing the acts of waste and mismanagement set out in the petition.   His answer also admitted that the estate owed no debts, but claimed that he could not be sued before the expiration of twelve months from his qualification as executor.   The other defendants answered, denying that they, in conjunction with Stephens, were committing waste, and claiming that they were improving the property.   Affidavits were submitted by each side, but it is unnecessary to set them out here.   At the hearing the trial judge refused the injunction, and the plaintiffs excepted.

1. The testatrix by her will undertook to create a trust for her brother and sisters, who were sui juris and had no intemperate, wasteful, or profligate habits.   This, under the Civil Code, § 3149, she could not do.   When, therefore, she died, the trust became immediately executed.

2. The trial judge, whose opinion appears in the record, took the view above announced, but decided that the husband, under the will, took an interest for life in the use of the property, and that the intention of the testatrix was to postpone the vesting of the devises and legacies to the brother and sisters until the death of the husband.   The real intention of the testatrix may have been, as decided by the judge below, that the brother and sisters should not

take possession until after the death of the husband; but the words used in the will do not express such an intention. The will gives the husband the right to the possession of the property, but the use of it is not for his benefit but for the benefit of the brother and sisters. The possession and control of the property is not given to the husband as an individual, but as trustee and executor. The language of the will shows clearly that the husband as an individual was not to receive any of the rents or profits for himself, but was to receive them as executor and as trustee for the brother and sisters. If the testatrix had any right to create a trust for persons sui juris, the trust was immediately executed and the title passed to the beneficiaries. They were entitled upon her death to full control of the property, subject to the right of the executor to administer the estate, and their possession could not be postponed to the death of the trustee. To allow the trustee to retain possession and control during his life, and postpone the possession of the beneficiaries until his death, would be to do indirectly what the law says could not be done directly. While the intention of the testator should, if legal, always govern the construction of his will, yet if this intention is illegal or contrary to public policy, it must yield to the rules of law. See *Hertz* v. *Abrahams*, 110 *Ga.* 707, and cases cited.

3. The petition filed by the plaintiffs in error was for the purpose of compelling the defendant to turn over the property to them immediately, to restrain him from interfering with certain portions of the property, and to have a receiver appointed. While it is true that the testatrix had no power to create a trust in favor of her brother and sisters, it is also true that she did have full power to appoint her husband her executor. It appears that her husband qualified as executor, and is in possession of all of the property mentioned in the will. While the title to the property may have vested in the brother and sisters as against the trustee, yet the law is well settled that the devisees and legatees can not enter into possession of the property devised and bequeathed, without the assent of the executor. Indeed the Civil Code, § 3319, declares that the title does not pass to them until the executor gives his assent. The petition in the present case nowhere alleges that the executor has assented to the devises or legacies, nor does it allege that he has refused his assent as executor. It does allege that the husband

claims a life-estate in the property, and he so admits in his answer; but we think, in view of the construction put upon the will by the executor and his counsel and by the court below, that this can not be construed into a refusal as executor to assent to the devises and legacies.   After the executor is informed of the construction put upon the will by this court, he may voluntarily assent.   If he refuses to do so, then a court of equity may compel him to assent. Civil Code, § 3320.

4. It was claimed by the executor in his answer that, under the Civil Code, §§ 3421, 3439, he had twelve months within which to ascertain the condition of the estate, and that during that time he was exempt from all suits.   Whether these sections apply to any one but a creditor it is not necessary for us to decide.   The petition alleges waste and mismanagement, insolvency of the executor, and that he is under no bond.   We are clear that, under these allegations, an equitable petition will lie against him even before the expiration of the twelve months after his qualification as executor.   An insolvent executor, protected for twelve months from his qualification, could squander and waste the whole estate, and the heirs and legatees could do nothing to prevent it.   The rule generally adopted by courts, in construing statutes which give such an exemption from suit, is that where the suit does not seek to fix or establish a liability against the estate, it does not come within the statute.   In the case of Alabama State Bank *v.* Glass, 82 Ala. 278, the Supreme Court of Alabama, after quoting a statute which is similar to ours, said:   "It is not, however, every suit against an executor or administrator which falls within this statutory prohibition.   To fall within its provisions, it must be against the personal representative *as such.*   By this we understand, not only that the suit must be against the representative in his representative capacity, but that it must seek to fasten or establish a liability upon or against property of the decedent."   See also Torrey *v.* Bishop, 104 Ala. 548.   The present suit was not one to establish a liability against the estate. One of the main allegations in the petition was that the executor was wasting and mismanaging the estate.   While he denied the waste and mismanagement, the allegations were made, and, in our opinion, gave the court jurisdiction although the twelve months had not elapsed from the time of his qualification.

Inasmuch as there was no allegation that the executor had assented

to the legacies and devises, and inasmuch as the trial judge decided at the interlocutory hearing that no waste had been committed, we affirm the denial of the injunction, although we do not concur in the reason upon which the judge based his judgment.

*Judgment affirmed.    All the Justices concurring.*