## THOMAS v. WALKER.

1. The allegations in a complaint for land, that the plaintiff is seized thereof in fee, that the title of plaintiff arose from his having paid the purchase-money although the deed was made to the predecessor in title of defendant, that defendant claims under a deed from the widow of this predecessor, to whom the land was set apart as a year's support, that the husband of the widow died in possession as plaintiff's tenant, and that defendant had full knowledge and notice of plaintiff's equity when he purchased from the widow, are not sufficient to withstand a special demurrer based on the ground that the petition does not show to whom such purchase-money was paid, and is in certain other respects too general and indefinite.

2. The doctrine that the plaintiff may recover in ejectment in this State upon an equitable title, where such title amounts to a perfect equity, applies only where such equity arises out of a transaction between vendor and vendee and after full payment of the purchase-money. Where, therefore, in answer to a special demurrer to a petition in which the plaintiff relies solely upon an equitable title, an amendment is offered which shows that the transaction was not between the vendor of the land and the plaintiff, but between the vendee and the plaintiff, there is no error in disallowing the amendment.

Argued February 17, — Decided March 13, 1902.

Complaint for land.    Before Judge Lumpkin.    Fulton superior court.    June 25, 1901.

*Westmoreland Brothers* and *John L. Travis*, for plaintiff.
*John G. Walker*, for defendant.

SIMMONS, C. J.    Complaint for land was brought by Samuel Thomas against Walker.    The petition alleged that Walker was in possession of certain tracts of land; that plaintiff had title to this land, "being seized thereof in fee;" that his title arose from the fact that he had paid the purchase-money for the land, although the deeds were taken in the name of Henry Thomas, now deceased, but plaintiff had always been in possession through Henry Thomas, who was his tenant; that the land was subsequently set apart as a year's support to the widow of Henry Thomas; and that defendant claimed under the widow, but had taken the land with full knowledge and notice of plaintiff's claim.    To this petition the defendant filed general and special demurrers, one of the grounds of special demurrer being that the declaration did not show when or to whom the purchase-money for the land had been paid by the plaintiff, and did not sufficiently set out the other details of the transaction under which it was alleged plaintiff's claim arose.    Af-

ter argument the court ruled that the petition was insufficient, but granted plaintiff leave to amend. Plaintiff offered an amendment which alleged, in substance, as to one portion of the land that one George Thomas had purchased it from Cooper for $60 and had paid $40 of the purchase-money, but, being unable to pay the balance, had agreed with Henry Thomas and plaintiff to sell them his rights. In accordance with this agreement plaintiff repaid George Thomas the $40 and furnished the balance of the purchase-money to Henry Thomas, who took the title to the land in his own name. Another portion of the land had been purchased by Henry Thomas from Emma Beach for $175, of which $100 had been paid. Being unable to complete the payments, Henry Thomas agreed with plaintiff that if plaintiff would pay the balance ($75) he should acquire a one-third interest in this part of the land. Plaintiff supplied the $75 to Henry Thomas, who took the deed to this land also in his own name. As to another portion of the land, the amendment alleged that plaintiff furnished Henry Thomas with $100 of the $125 paid to Cooper therefor, Henry agreeing that plaintiff should acquire title to the entire tract, but the title being taken in the name of Henry. The remaining portion of the land was purchased by Henry Thomas from Cooper for $25, of which plaintiff furnished the vendee $5, the agreement being that plaintiff should acquire a one-third interest in this portion of the land. The title to this tract also was taken in the name of Henry Thomas. The court refused to allow the offered amendment, and sustained the demurrers to the original petition. To both of these rulings plaintiff excepted.

1. While it has been the practice in this State, ever since the act of 1820, to allow plaintiffs or defendants to consolidate both legal and equitable remedies and defenses in the same suit, it has always been the practice, especially since the passage of the procedure act of 1887, when both legal and equitable rights are united in one petition, for the court to apply legal principles to the legal rights and equitable principles to the equitable rights. The same court now administers both legal and equitable remedies in the same case. It has, however, always been held that the plaintiff who sets up legal rights must plainly and distinctly set forth his cause of action according to the principles which prevail in courts of law. If he brings complaint for land at law, relying upon a legal title, he must show such a title as would enable him to recover. If he brings

complaint for land at law and asserts that he has a complete equitable title, he must show such facts as would authorize the court to adjudicate that the title is in him and award him possession. If in such an action he alleges generally that he has a complete equitable title, without showing how it originated, from whom it was obtained, and the other facts necessary to enable the court to determine whether he has a complete equitable title as alleged, a special demurrer, based on the failure to do so, should be sustained. In this case, the plaintiff first asserts a legal title and then alleges that this legal title arose from his having paid the purchase-money for the lands sued for, title being taken in the name of another. The defendant met him, as above stated, with a special demurrer. The petition failed to state when or from whom plaintiff purchased the land, to whom he paid the purchase-money, the nature of the contract of purchase, or any other facts as to his acquisition of title, save that he had paid the purchase-money. This alone would not authorize the court to accord him title or possession; for the petition itself showed that the possession and the legal title were both held by the defendant. The trial judge, therefore, properly held that the original declaration was insufficient.

2. The plaintiff then offered the amendment. This amendment showed that the contracts under which plaintiff claims title to the land were not made by him with the person then holding the legal title, but with one who was about to purchase from that person. He was, apparently, no party to the contract of purchase from the vendor of the land. The court rejected the amendment, no reason for the ruling being assigned in the judgment. We think the amendment was properly disallowed. It is settled in this State that, in order for a plaintiff to recover land in an action at law upon an equitable title, the equity must not only be complete or perfect but must arise from a direct contract of purchase or from transactions directly between vendor and vendee. As was said by Bleckley, C. J., in *Howell* v. *Ellsberry*, 79 *Ga.* 480, "The doctrine of perfect equity as the equivalent of legal title is, so far as we know, restricted to the relation of vendor and purchaser. . . A complete equity arises out of payment of purchase-money and the like, out of a consideration beneficial to the former owner, to him who parts with title, not to him who acquires it. It looks to what has been done for another, not to what one has done for himself by induce-

ment of another." In *Fahn* v. *Bleckley*, 55 *Ga.* 83, it was said: "This court has carried the doctrine of the recovery in ejectment upon an equitable title fully as far as it means to go. It has ruled that a bond for titles, with the purchase-money fully paid and possession in the purchaser, constitutes a perfect equity on which there can be a recovery in ejectment. It has gone also to the extent of holding that a bond for titles, with purchase-money all paid, may constitute such equity without possession in the vendee." The class of cases mentioned is the one in which plaintiffs have been allowed to recover at law upon a complete or perfect equity; but after diligent search we have been unable to find any case in which a plaintiff who has not made any contract with the vendor, but whose contract is with the vendee to whom the money is furnished, has been allowed to recover at law. Besides, as to three of the four parcels of land sued for, plaintiff shows that he did not pay all of the purchase-money; and the rule is that, before he can recover at law on an equitable title, he must show that he paid the whole of the purchase-money to the vendor. The amendment showing that plaintiff had no contract with the vendor in regard to the purchase of the land and had directly paid him nothing, the court was right in disallowing it. As the original declaration did not sufficiently show a perfect equity on which the court could base a decree, the demurrer thereto was properly sustained.

*Judgment affirmed. All the Justices concurring, except Little, J., absent.*