## MARTIN *v.* GAISSERT, executor, *et al.*

1. A suit brought against an executor by the widow of his testate, alleging that the defendant is in possession of certain property and is denying her ownership and right of possession thereof, and that such property was purchased by her with her own money through her deceased husband, who took a deed wherein the title to the property was conveyed to him, but delivered the deed to her and always recognized her ownership of the property; and praying that the court adjudge that she is the owner of the property, that she be put in possession thereof, that a receiver be appointed therefor, and that the executor be required to account to her for the rents received therefrom, is not a suit "respecting titles to land," so as to give jurisdiction thereof to the superior court of the county where the land lies, the executor being a resident of another county.

2. Where a real estate agent residing in the county in which the suit above referred to is brought is joined as a codefendant with the executor, and the plaintiff seeks an injunction to prevent the agent from paying to the executor rents collected from the property, and an accounting from and judgment against both defendants for rents already collected by them (the rents collected by the agent having been paid to the executor over the protest of the plaintiff) : *held*, that if the relief prayed against the real estate agent can be obtained, it is collateral to and dependent upon the granting of the main relief sought against the executor, and the superior court of that county has no jurisdiction of the case under art 6, sec. 16, par. 3, of the constitution of this State, providing that "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed."

FEBRUARY 18, 1910.

Equitable petition. Before Judge Pendleton. Fulton superior court. January 4, 1909.

*Westmoreland Brothers,* for plaintiff.

*George & Anderson* and *Charles W. Smith,* for defendants.

HOLDEN, J. The plaintiff in error brought suit in the superior court of Fulton county against J. H. Gaissert as executor of the will of Zach Martin, Stephen B. Martin, and J. J. Woodside, making substantially the following allegations: Gaissert is a resident of Morgan county, Woodside is a resident of Fulton county, and Stephen B. Martin is a non-resident of the State. Plaintiff is the widow of Zach Martin, is the owner of the property described in the petition, and acquired her title thereto as follows "On the 12th day of May, 1896, the plaintiff through her husband, Zach Martin, purchased from one James G. Thrower a certain lot of land at and for the sum of $1900, and she furnished her said husband with said sum to be paid to said Thrower, intending that the title should be taken to her, but her husband had himself named as grantee in said

deed which was made by said Thrower on the said 12th day of May, 1896, his reason for doing so being that the plaintiff was in bad health and he could look after the property better for her if the title was in his name." Her husband had the deed recorded in the clerk's office on May 14, 1896, and brought it to plaintiff and left it with her. She has had the custody of the deed since that time, and her husband never claimed any ownership in the land, but always acknowledged that he was holding the title and looking after the property for the plaintiff. Her husband placed the property in the hands of Woodside to rent, and he rented it until the death of her husband and collected the rents thereof. From June, 1896, to February, 1898, "the account of his said books was in the name of this plaintiff 'Mrs. Zach Martin,' and after the last-named date the account for some reason was changed to the name of Zach Martin." From June 1, 1896, to October 13, 1907, the date of the death of her husband, the latter collected rents from the property, which, after deducting therefrom the cost of repairs, etc., amounted to over $4,000, and appropriated the same to his own use and never accounted to the plaintiff for any part of it. Her husband "willed his property to the plaintiff and their only child, Stephen B. Martin, but directed that his executor possess, control, and rent his property and pay one half of the income to this plaintiff and keep the other half for ten years before turning the same over to the son." Since the death of her husband, Woodside has continued to collect the rents and paid the same over to the executor "over the protest of this plaintiff, she having demanded the rents from said Woodside and he refusing to pay the same to her. The said rents amount to about $50 per month. That the plaintiff notified the defendant Gaissert, the executor, that she owned the said lot of land and that her husband simply held the same as her trustee, and demanded the possession of said premises of him, and he refused to turn the same over to her, and also refused to turn the rents over to her, although demanded of him." Under the circumstances the plaintiff is advised that no valid insurance can be placed on the buildings on the property, "as the paper title is not in her, and the rightful ownership and absolute title is not in the executor." The executor "claims that, under the will of the said Zach Martin, he is entitled to the possession of the said property, and that the title to the same is in him as such executor, and he denies the plaintiff's

ownership thereof, and he denies that she is entitled to the possession of said premises, or to the rents accruing therefrom." After she purchased the property, she expended large sums of money in improving the same, and her husband paid for none of such improvements out of his own funds, "and always acknowledged that the property belonged to her and that he had no interest in it." She and her husband respectively owned other property consisting of two lots adjoining, which were sold, and the purchase-money from the sale of both lots was collected by him, amounting to $4,116.75, one half of which belonged to the plaintiff, and for no part thereof has he ever accounted to her, for whom he held it in trust, and the executor is liable to her for the same, with interest thereon. She prays: "1. That the defendant John J. Woodside be restrained and enjoined from paying any more rents to the defendant Gaissert. 2. That it be adjudged by the court that the plaintiff is the owner of the real estate described in this complaint, and put in possession thereof. 3. That the defendant Gaissert, executor, be required to account to the plaintiff for the rents and profits of said premises from the 12th day of May, 1896, to the day of the death of Zach Martin, together with interest thereon; and also to account for the $2,058.37, held by said Zach Martin in trust for the plaintiff, with the interest thereon. 4. That the defendant, J. H. Gaissert, and John J. Woodside account to the plaintiff for the rents of said premises from the 13th day of October, 1907, at the rate of fifty dollars per month. 5. That a receiver be appointed to take charge of said premises and hold the same subject to the further order of this court, and that he be authorized to insure the said premises. 6. That process issue, requiring the defendants to be and appear at the November term, 1908, of this court, to answer plaintiff's complaint. 7. That a second original issue and be sent to Morgan county, Georgia, for service upon the defendant, J. H. Gaissert, executor. 8. That the defendant, Stephen B. Martin, be served by publication. 9. For such other and further relief as to the court shall seem meet and proper." The defendant Gaissert, as executor, filed a demurrer to the petition, upon several grounds; and the court passed an order that the "general demurrer be sustained and the case dismissed at petitioner's cost." To this order the plaintiff filed exceptions.

1. One of the contentions of counsel for plaintiff is that inas-

much, as the property involved in the suit is located in Fulton county, the superior court of that county had jurisdiction to try the case made by the petition, for the reason that it was a case "respecting titles to land." Civil Code, § 3159, is as follows: "Trusts are implied— 1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money, or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where, from the nature of the transaction, it is manifest that it was the intention of the parties that the person taking the legal title shall have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." The plaintiff alleges that she bought the land through her husband and furnished the money with which to pay the purchase-price, "intending that the title should be taken to her, but her husband had himself named as grantee in said deed;" and she prayed that it be adjudged by the court that she is the owner of the land and that she be put in possession and recover the rents and profits thereof. In the case of *Bivins* v. *Bivins*, 37 *Ga.* 346, the plaintiff alleged "that the defendant had fraudulently procured the title to certain lands . . to be taken in his own name, praying that he might be decreed to convey the same to the complainant, and account for the rents and profits thereof." In that case it was held: "A bill filed against a defendant to require him to execute a title to land, upon the ground of fraudulent procurement of the title thereto in his own name, is not such a suit respecting titles to land, as will give jurisdiction to the court in the county where the land lies, where the defendant resides in a different county. In such a case the defendant must be sued in the county where he resides." The facts in the *Bivins* case and the case we are considering are similar. However, in the *Bivins* case it was alleged that the defendant fraudulently procured the title to the land in his own name, and in the present case no fraud is alleged. The absence of an allegation of fraud on the part of the defendant in having the deed made to him can make no material difference in the principle on which the two cases rest. In the *Bivins* case it was prayed that the defendant be decreed to

convey the land to the plaintiff, and in the instant case it is prayed that the plaintiff be adjudged by the court to be the owner of the land. We do not think this difference in the prayers works any change in the character of the action. The effect of a decree that the defendant convey the land to the plaintiff, and that of a decree by the court adjudging that the plaintiff has title to the land, would be the same; that is, in either instance it would take the legal title out of the defendant and put it in the plaintiff. Nor do we think that the prayer in the present action, that the plaintiff be put in possession of the land, made it a suit "respecting titles to land," in view of all of the allegations of the petition. In the *Bivins* case and in the present case the legal title to the property was in the defendant, with the plaintiff claiming the right to have this title put in her. Certainly, if in the *Bivins* case a suit to require the defendant to convey to the plaintiff a title which he had fraudulently obtained did not constitute a suit "respecting titles to land," the present action seeking to have the court adjudge to be in the plaintiff a title which was obtained without fraud would not be a suit of that character. The plaintiff alleges that she is the owner of the property; but the allegations of the petition show that the legal title is in the defendant executor, and not in the plaintiff. This is why she needs the decree asked for in the petition, "that it be adjudged by the court that plaintiff is the owner of the real estate described in this complaint." This is not a suit respecting title to land, but to secure title thereto. The transaction by which the land was purchased put the legal title thereto in the husband of the plaintiff. The allegations show that the plaintiff, in that transaction, obtained no legal title in herself, and has never obtained such title. The object of this suit was to obtain it. In the case of *Alexander* v. *Alexander*, 46 *Ga.* 283, the defendant, in "his written and sworn answer," stated that he purchased the property with the funds of his wards, and that he held the property for their use; and it was held that where the defendant filed such an answer, the wards might recover the property in a court of law, although it appeared that "the guardian took the deed to himself, making no mention of his wards." In the present case, which arises on exceptions to an order of the court sustaining a demurrer, the petition alone can be considered; and it is therein alleged that the executor claims that he is entitled to the possession of the property, that the title

is in him as such executor, and he denies the plaintiff's ownership or that she is entitled to possession. In the case of *Smith* v. *Bryan,* 34 *Ga.* 53, it was held, "A bill in equity to set aside a sale of land, and cancel a deed on the ground of fraud, is not a case respecting title to land." See, in this connection, *Taylor* v. *Cloud,* 40 *Ga.* 288, in which it was held that a suit "to set aside a fraudulent deed to land, and praying possession of the land" and an accounting for the rents and profits, was not one respecting titles to land. In the case of *Clayton* v. *Stetson,* 101 *Ga.* 634, 638 (28 S. E. 983), it was said: "If the plaintiff, without resorting to the powers of the superior court as a court of equity and without invoking equitable relief, can, upon her legal title, recover, the suit is well brought in the county where the land lies; but if, in order to vest herself with a legal title upon which she can recover at law, it becomes necessary at first to assert an equity as against the person invested with the legal title, then we conclude that the action should have been brought in the county wherein the defendant resided." On page 640 it was said: "The adjustment of such equities being a preliminary indispensable to the prosecution of the action as a common-law suit to recover land, and it appearing from the petition itself that the plaintiff has not reinvested herself with the title through the medium of appropriate proceedings upon equitable principles, and the defendant confessedly not residing in the same county in which the land lies, it follows that the court did not err in dismissing the declaration, first, for the reason that the plaintiff showed title out of herself; and second, for the reason that, as against the defendant, no equitable relief which would reinvest her with the title could be granted against the defendant in the county in which the suit was instituted." In *Fahn* v. *Bleckley,* 55 *Ga.* 81, 83, it was said: "This court has carried the doctrine of the recovery in ejectment upon an equitable title fully as far as it means to go. It has ruled that a bond for titles, with the purchase-money fully paid and possession in the purchaser, constitutes a perfect equity on which there can be a recovery in ejectment. It has gone also to the extent of holding that a bond for titles, with purchase-money all paid, may constitute such equity without possession in the vendee." See, in this connection, *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96). Counsel for the plaintiff in error ask that the cases of *Smith* v. *Bryan,* 34 *Ga.* 53, *Bivins* v. *Bivins,*

37 *Ga.* 346, and *Taylor* v. *Cloud,* 40 *Ga.* 288, be reviewed and over-ruled.　Upon a careful consideration of the decisions in these cases, we decline to overrule them.

2.　The plaintiff in error contends that the suit should have been retained in Fulton superior court, for the reason that substantial relief was prayed against Woodside, one of the defendants, who resided in Fulton county.　The main and substantial relief sought by the plaintiff, a right to which it appears from the petition was denied by the defendant Gaissert, the executor, was that the plain-tiff be adjudged to be the owner of the property.　Without refer-ence to the question as to whether or not, under the allegations of the petition, the plaintiff was, in any event, entitled to the relief sought against Woodside, she was not entitled thereto if she was not entitled to be adjudged the owner of the land.　As pointed out in the preceding division of this opinion, she could not, as against the defendant executor residing in Morgan county, obtain in the superior court of Fulton county a decree adjudging her to be the owner of the property, and an adjudication that she was such owner was in any event necessary in order for her to obtain the relief prayed against Woodside.　The relief sought against the latter is, therefore, incident to and dependent upon the granting of the main and substantial relief prayed against Gaissert. the executor.　We do not think the case could be retained because of the prayers for relief against Woodside, who resided in Fulton county.　In this connection, see *Ellis* v. *Farmer,* 119 *Ga.* 238 (46 S. E. 205) ; *Brown* v. *King,* 51 *Ga.* 291 (3) ; *Railroad Commission* v. *Palmer Hardware Co.,* 124 *Ga.* 633, 639-642 (53 S. E. 193), where cases on this subject are collated and reviewed.

*Judgment affirmed.　All the Justices concur.*