SAMS *et al. v.* SAMS; *et vice versa.*

</div>

HILL, J. The petition set out a cause of action, and the court did not err in overruling the general and special demurrers, nor in striking the name of one of the defendants as being an unnecessary party.
*Judgment affirmed on both bills of exceptions. All the Justices concur.*
<div align="center">

Nos. 1686, 1687. MAY 15, 1920.

</div>

Equitable petition. Before Judge Searcy. Fayette superior court. September 17, 1919.

Seaborn Sams brought his petition against W. J. Sams (a resident of Fayette county), and against A. P. Sams (a resident of Randolph county) as executor of C. C. Sams, who died on March 23, 1910, owing no' debts, and leaving a will that was probated in solemn form. The item of this will that is here material directed that the realty be equally divided between the testator's wife and his children and representatives of children, except that the share of his son Seaborn Sams was to remain in the hands of the executor, to be used for the benefit of Seaborn Sams, as long as the wife of Seaborn Sams should live, and at her death to be "paid to said Seab. Sams and his heirs at law." The wife of Seaborn Sams died on January 10, 1918; and he claims that he is now entitled to his share (one fifth) in the estate of C. C. Sams, specifically 59/975 of 195 acres described, and to the income or rents and profits of that share since the death of C. C. Sams. The petition contains the following allegations, in brief: William J. Sams at the time of his death owned and possessed a tract of 295 acres of land described, which was sold and conveyed by his administrator to Mrs. S. M. Sams. She and her four children agreed to a division of this land into five shares of 59 acres each. One of these children, W. E. Sams, after obtaining his 59-acre

share, bought of his mother 41 acres more, thus acquiring 100 acres, which parcel was set apart to him off the south end of the 295-acre tract. The remaining 195-acre tract, according to agreement and understanding, was owned by Mrs. S. M. Sams (18 acres) and the other three children (59 acres each). One of these three, Ida E. Ballard, conveyed her share of 59 acres to C. C. Sams, who owned that parcel at the time of his death. There never was any actual division by metes and bounds, except the cutting off of the 100 acres to W. E. Sams. C. C. Sams left a wife, three children, and one heir or representative of a deceased child. A. P. Sams qualified as executor of the will of C. C. Sams (his father), but never attempted to take possession of the testator's interest in the land, and never dealt with it as executor in any way. He permitted W. J. Sams to take and keep possession, and on March 25, 1911, he purchased the interest of Eliza Sams therein, and on April 1, 1911, he sold and conveyed that interest, as well as his own interest, to W. J. Sams and put him in possession of the same. W. J. Sams purchased also all the interests of all the other parties in the 195 acres, went into possession of the whole of the land on April 1, 1911, and has since received the rents and profits thereof. While admitting plaintiff's right to share therein, and promising year by year to divide the profits, he has, notwithstanding frequent demands, failed and refused to pay anything, or to agree with plaintiff upon a division of the land. The conveyance by A. P. Sams, just mentioned, and his refusal to administer the land as the property of the estate of C. C. Sams, amount to an assent by him to the vesting of the legacy as to plaintiff's interest; but if it be held that he has not so assented, then he is a necessary party defendant, and the plaintiff is entitled to have his specific assent. It is further contended that such assent resulted from a decree in a previous suit involving the will of C. C. Sams, to which action A. P. Sams and W. J. Sams were parties. The present plaintiff was not a party to that action. The prayers are, in substance, that the executor's assent be compelled; for decree of title to plaintiff's interest; for equitable partition and sale of the land, as it cannot be divided by metes and bounds; and for recovery from W. J. Sams of plaintiff's interest in the land and in the rents.

W. J. Sams demurred: (1) for want of a cause of action

stated; (2) that the petition shows that the plaintiff has never obtained an assent of the executor to the vesting of the alleged legacy, or in what manner the assent was given, and his contentions in this respect amount only to conclusions; (3) for misjoinder of causes of action and of parties defendant, and for want of jurisdiction of the person of A. P. Sams; and (4) that the petition is multifarious in that it seeks to recover by ejectment a specific parcel of land, and at the same time seeks to partition a greater tract purporting to include the specific acreage sued for in ejectment, and the plaintiff should be required to elect between these remedies, or the petition should be dismissed. The court held that the facts pleaded showed an assent by the executor to the vesting of the legacy, and that he was not a necessary party; and his name was stricken as such. The other grounds of demurrer were overruled; to which ruling the defendants excepted. The plaintiff excepted to the ruling first stated.

*J. W. Culpepper,* for W. J. and A. P. Sams, cited *Avery* v. *Sims,* 69 *Ga.* 314; *Martin* v. *Gaissert,* 134 *Ga.* 34.

*Reagan & Reagan,* contra, cited *Mayer* v. *Hover,* 81 *Ga.* 308; *Blaisdell* v. *Bohr,* 68 *Ga.* 56; *Boyd* v. *Robinson,* 104 *Ga.* 800; *People's National Bank* v. *Cleveland,* 117 *Ga.* 916; *Vanzant* v. *Bigham,* 76 *Ga.* 759; *Phillips* v. *Smith,* 119 *Ga.* 557; *Toombs* v. *Spratlin,* 127 *Ga.* 766.