### S97A0405. CLAY v. CLAY.
(485 SE2d 205)

HUNSTEIN, Justice.

The parties are brothers and co-executors of their mother's will under which each brother received an undivided one-half interest in land in Bibb County. The property is the sole asset of the estate. The mother's will was presented for probate in August 1993 but her

---

estate has not been fully administered. In June 1995, appellee Charles Clay petitioned the trial court for statutory partition of the property pursuant to OCGA § 44-6-160. Appellant George Clay filed his objections and, after a hearing thereon, the trial court entered an order directing issuance of a writ of partition. The partitioners filed their return in which they divided the property into two clusters that they deemed to be of equal value. Appellant objected again to the partition and to the return. After a hearing on the objections, the trial court issued a final judgment incorporating the partitioners' return and this appeal ensued. Finding no error, we affirm.

1. Appellant contends the trial court erred in overruling his objections to the partition proceeding. As to appellant's argument that appellee did not have standing to bring an action for partition because he was not the owner of the property, see OCGA § 44-6-160, we find no error in the trial court's determination that appellee, as co-executor to the will, can assent to the devise, OCGA § 53-2-108, and that appellant's refusal to assent does not bar the partitioning. OCGA § 53-2-110. See *Hemphill v. Simmons*, 120 Ga. App. 823 (1) (172 SE2d 178) (1969). As to appellant's argument that partition was not proper because the mother's estate from which this devise came is still in probate and owes debts, this Court has recognized that an incomplete administration "does not preclude the bringing of a partition action." *Evans v. Little*, 246 Ga. 219, 220-221 (271 SE2d 138) (1980). Although appellant argues that the estate's debts cannot be paid if the partition is allowed, "[t]he fact that there may have been debts did not prevent the executor from assenting to the legacy," *Lewis v. Patterson*, 191 Ga. 348, 352 (12 SE2d 593) (1940); furthermore, an estate creditor can follow estate assets into the hands of a distributee. *Morrison v. Fidelity &c. Co.*, 150 Ga. 54 (1) (102 SE 354) (1920).

2. We find no error in the trial court's determination that no question existed here as to the interests of the parties in the property (the mother's will having provided for an equal division thereof) and that no "good and probable matter in bar of the partition" existed, OCGA § 44-6-165, thereby denying appellant a jury trial on his objections to the partition proceedings or on the fairness of the partitioners' return. We do not agree with appellant that he had a right in this case to a jury trial pursuant to OCGA § 9-11-38 and the Georgia Constitution. See *Rodgers v. Price*, 105 Ga. 67, 69 (31 SE 126) (1898). See also *Brown v. Mooney*, 108 Ga. 331, 335 (33 SE 942) (1899).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 12, 1997.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.

Hall, Bloch, Garland & Meyer, Benjamin M. Garland, for appellee.