S04A0061. DAWSON et al. v. DAWSON et al.
(597 SE2d 114)

HINES, Justice.

Rayford Turner Dawson died testate on June 6, 1995. A major portion of his estate was composed of 78 acres of real property in Oconee County. The land was left to his eight children, in equal shares, with a life estate given to his wife. Two of Dawson's children were named executors of his estate; his widow died in 1998.

In 2002, one of the children not named as an executor, Wendell Turner Dawson, brought an action against the executors, seeking an equitable partition of the property and the appointment of a special master to take charge of the real estate, effect a sale of the property as a whole, and divide the net proceeds. Three other heirs later joined Wendell Dawson's petition. After the institution of suit, the executors executed a contract to sell the property for approximately 1.3 million dollars. The trial court conducted a hearing and denied the petition for appointment of a special master.

The appellants assert that the trial court mistakenly assumed that the action was actually one for the removal of executors, which must be brought in the probate court. See former OCGA § 53-7-148. But, that assertion is belied by the record. The trial court did not declare that it lacked jurisdiction and dismiss the petition for equitable partition, rather it denied the petition on the merits.

The trial court found that the genesis of the petition for appointment of a special master and equitable partition was the appellants' disapproval of the actions of the executors. Based on the evidence, the trial court found that there was no "wrongdoing" or "substantial fraud" on the part of the executors. But in so saying, the court was not declaring that the standard for granting the petition required it to find that such behavior had occurred. Rather, the court was responding to that evidence which was produced at the hearing, and that evidence which was not produced. While the appellants attempted to show that the executors had not vigorously pursued the sale or division of the property, the evidence demonstrated that the executors had waited to take action toward selling the property until after the December 31, 2001 expiration of a conservation tax covenant, which the executors understood to impose severe financial pen-

alties for early termination of that covenant.[1] Unrebutted evidence was introduced that all attempts to formulate a division of the property satisfactory to all heirs were fruitless. Regarding the contract for sale of the property entered into by the executors, the evidence presented at the hearing showed that of three offers to purchase the property, the executors chose the highest. The appellants did not present any evidence that suggested this offer did not reflect the fair market value of the property. The only financial consideration the appellants advanced for having the property distributed to the heirs in undivided interests, and then having it sold by a special master, is that if the executors sold the property as a single holding, they would earn a commission of five percent of the sale price, while if it was distributed in shares, they would earn a commission of three percent. See former OCGA § 53-6-145.[2] No evidence was presented concerning the cost of a special master.

Equitable partition is available during the pendency of an estate administration. See *Clay v. Clay*, 268 Ga. 40, 41 (1) (485 SE2d 205) (1997); *Evans v. Little*, 246 Ga. 219, 220 (271 SE2d 138) (1980). But that does not mean that intervention of equity is necessarily warranted. " 'Equitable relief is generally a matter within the sound discretion of the trial court. (Cit.) The action of the trial court should be sustained on review where such discretion has not been abused. (Cit.)' [Cit.]" *Bruce v. Wallis*, 274 Ga. 529, 531 (1) (556 SE2d 124) (2001).

There was no abuse here. Essentially, the trial court determined that the interests of the appellants were adequately protected in the probate court so that the intervention of equity was not warranted. See OCGA § 23-2-91; *Conner v. Yawn*, 200 Ga. 500 (37 SE2d 541) (1946). The trial court specifically noted that certain procedures were available in probate court, such as a petition to remove the executors.[3] The appellants had the obligation to demonstrate a "strong reason" for the intervention of equity into the administration of the estate. *Darby v. Green*, 174 Ga. 146, 150 (162 SE 493) (1932). They did not do so. The reliance upon *Bloodworth v. Bloodworth*, 260 Ga. App. 466 (579 SE2d 858) (2003), is misplaced. That case was con-

---

[1] The appellants now assert that this understanding was incorrect, contending OCGA § 48-5-7.4 (n) (3) allows early termination without penalty in this situation. No such argument was presented to the trial court, nor was any executor questioned concerning the effect of the Code section.

[2] The parties agree that a five percent commission would be available if the property was sold by the executors, although the only citation to this Court in support of this assertion is to a Code section that does not now, and did not at any pertinent time, exist, "OCGA § 53-6-65." In any event, because of the parties' agreement on the subject, the availability or propriety of any such commission is not before this Court.

[3] Indeed, during oral argument before this Court, counsel for the appellants stated that there was, at that time, an action for removal of the executors pending in the probate court.

cerned with whether summary judgment was warranted in a situation involving allegations of fraud and breach of trust on the part of executors; it has no application to the question of whether the intervention of equity was appropriate in this case.

*Judgment affirmed. All the* Justices *concur, except Carley and Thompson, JJ., who dissent.*

CARLEY, Justice, dissenting.

Contrary to the majority opinion, the executors' reasons for their failure to sell the property and for their belated entry into a particular sales contract are completely irrelevant to this case. Where, as here, "the will directs or authorizes a distribution or division in kind but fails to direct specifically how or by whom the distribution or division in kind is to be made, it shall be the *duty* and authority of the executor . . . to make the distribution or division in kind." (Emphasis supplied.) Former OCGA § 53-4-11 (b) (identical to current OCGA § 53-2-30 (c)). The executors did not, however, sell, distribute, or divide the land prior to the filing of this suit. Although Appellants did not claim or show fraud or wrongdoing on the part of the executors, they did allege and prove that the executors had "failed and refused to assent to the devise." Because the executors did not give their assent to the devise of the property within one year after they were qualified, and not even after the death of the testator's wife or the expiration of the conservation tax covenant, Appellants were entitled to "compel [them] to give assent by an equitable proceeding." Former OCGA § 53-2-109 (c) (current OCGA § 53-8-15 (d) is substantially the same). See also *Lester v. Stephens*, 113 Ga. 495 (3) (39 SE 109) (1901). Compare *Sams v. Sams*, 150 Ga. 245 (103 SE 593) (1920) (executor not a necessary party because petition showed that he had already assented).

Since Appellants are authorized to compel assent, giving them legal title to the land, "the proper remedy for a division of their respective interests [is] through a partitioning action in superior court." *Evans v. Little*, 246 Ga. 219, 221 (271 SE2d 138) (1980). Once assent is compelled, the administration of the estate and the executors' prior behavior with respect to title are moot, and the trial court may partition the property regardless of that behavior or other circumstances of the administration. *Clay v. Clay*, 268 Ga. 40, 41 (1) (485 SE2d 205) (1997). Thus, partition would not constitute an intervention of equity into the administration of an estate, and the procedures which are available in the probate court, such as the removal of executors, would be inadequate to protect Appellants' interests in the property. As the majority erroneously holds otherwise, I dissent to the judgment affirming the trial court's order.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED MAY 24, 2004.

*McArthur & McArthur, John J. McArthur, Stanley R. Durden, Dickinson, Mixson & Willis, David F. Dickinson,* for appellants.
*Marie E. Bruce, J. Branson Parker,* for appellees.