24676, 24677.   SMITH *v.* FISCHER; and *Vice Versa.*

DECIDED JANUARY 27, 1936.   REHEARING DENIED FEBRUARY 13, 1936.

*Robert Lee Avary Jr., Augustine Sams,* for plaintiff.
*Charles D. Hurt, R. Emerson Gardner,* for defendant.

SUTTON, J. Mrs. Corinne S. Smith, individually and as administratrix of the estate of her deceased husband, brought suit for damages against Dr. Luther C. Fischer, alleging that she was the owner of a tract of land which was a part of the estate of her husband, and on which the defendant had committed certain acts of trespass after the death of her husband. The defendant demurred generally and specially, and filed an answer. The plaintiff amended her petition by alleging that she was the sole heir at law of her husband, and by striking her name as administratrix and leaving the case to proceed in her individual capacity as owner and sole heir. Renewed demurrers to the petition as amended were overruled. On the trial, when the plaintiff had concluded her evidence, the defendant moved for a nonsuit, which was granted, and the plaintiff excepted. The defendant, by cross-bill of exceptions, assigned error on the overruling of his demurrers.

1. Upon the death of the owner of any estate in realty, which estate survives him, the title vests immediately in his heirs at law. The title to all other property owned by him vests in the administrator of his estate for the benefit of the heirs and creditors. Code of 1933, § 113-901. "Upon the appointment of an administrator, the right to the possession of the whole estate is in him; and so long as such administrator continues, the right to recover possession of the estate from third persons is solely in him. If there is no administration, or if the administrator appointed consents thereto, the heirs at law may take possession of the lands or may sue therefor in their own right." § 113-907. In construing these two sections it has been held that the heirs at law are entitled to the possession of lands owned by an intestate at the time of his death, until they are needed for the purpose of administration; that is, when necessary, the administrator has a qualified right thereto to pay debts and to make legal distribution. *Bacon* v. *Howard*, 19 *Ga. App.* 660 (91 S. E. 1066); *Collins* v. *Henry*, 155 *Ga.* 886, 890 (118 S. E. 729); *Stone* v. *Edwards*, 32 *Ga. App.* 479, 481 (124 S. E. 54).

2. To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the owner or was in possession at the time of the trespass. *Morris* v. *Gibson*, 35 *Ga. App.* 689 (134 S. E. 796); *Fender* v. *Gardner*, 153 *Ga.* 460 (112 S. E. 368). On the death of an intestate the title to his

lands descends to and immediately vests in his heirs at law, and not his legal representative, who has only a qualified right to the possession to pay debts and for distribution. *Collins* v. *Henry, supra.* Where a trespass to realty occurs after the death of an intestate, prima facie the right to sue therefor is in his heirs at law, especially where it does not appear that the administrator was in possession at the time of the trespass. The plaintiff alleged that she is the owner of the land on which the defendant is alleged to have trespassed, and which land is a part of the estate of her deceased husband, that the trespass occurred since the death of her husband, that she is the sole heir at law of her husband, and that by so trespassing the defendant has damaged her in a stated amount. While it appears from the petition that the plaintiff was appointed administratrix of her husband's estate, it does not appear that this was before the alleged trespass; nor does it appear that there were any debts due by the decedent, or that the plaintiff as administratrix had possession of the realty for the purpose of paying debts or making distribution; and, as above stated, it appears that she brought the suit both in her individual and representative capacities, but by amendment struck her name as administratrix and proceeded in her individual capacity as owner and sole heir. Under these allegations, the petition set out a cause of action and the judge properly overruled the demurrers. See *Hefner* v. *Fulton Bag & Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355), and cit; 24 C. J. 736 § 1812. The petition as finally amended sufficiently met the grounds of special demurrer.

3. On a motion for nonsuit the evidence is to be construed in its most favorable light to the plaintiff. A nonsuit should not be granted when there is any evidence tending to sustain the action, or where the jury can fairly infer from the evidence a state of facts favorable to the plaintiff. *Evans* v. *Josephine Mills,* 119 *Ga.* 448, 450 (46 S. E. 674); *Moseley* v. *Patterson,* 27 *Ga. App.* 133, 135 (107 S. E. 623); *Brown* v. *Savannah Electric & Power Co.,* 46 *Ga. App.* 393, 395 (167 S. E. 773). The plaintiff testified, without objection, that when her husband died he owned the realty on which the defendant is alleged to have trespassed, subject to an outstanding security deed; that she was his sole heir at law, that immediately on his death she took charge of the land, frequently going out to it and looking after her farming and the upkeep of

the place, that a part of the time she went out on Mondays and returned on Saturdays; that her husband died in May, 1931, and in August and September of that year she discovered the defendant, through his agents and employees, committing acts of trespass by removing stone from the bed and banks of Nancy Creek, which ran through her property, and that 40 or 50 acres of the land along this stream, from which the rock was removed, were damaged. The testimony tended to show that the value of the land was $200 per acre, and that the part along the stream had been damaged or decreased in value $50 per acre by the removal of the stone by the defendant, as claimed by the plaintiff. The plaintiff also introduced evidence showing the number of cubic feet of stone in the dam constructed by the defendant, as contended by the plaintiff, with stone removed from her land, and evidence showing the value of stone per wagon-load. While the evidence showed that the plaintiff was administratrix of the estate at the time of the institution of this suit on November 17, 1931, it does not appear when she was appointed. The evidence showed that the husband owed about $5000 secured by deed to this land and other debts amounting to $150. There was no evidence that the plaintiff was administratrix at the time of the alleged trespass. It appears from the plaintiff's testimony, which was not objected to, that her husband owned the land at the time of his death, and that she owned it at the time of the trespass, being his sole heir at law, and that she took possession immediately on his death, looking after the land and staying thereon part of the time; and it does not appear that this was as administratrix. Under the facts presented, the inference is that she took such possession as the sole heir of her husband As we have seen, for a person to maintain an action for trespass to realty he must have either title or possession at the time of the trespass. The plaintiff being the sole heir of her husband, the title to the premises vested in her immediately on his death. While the evidence shows there were debts due by him, still it does not appear that the administratrix had been appointed or taken possession of the lands at the time of the trespass. Title to land does not vest in the administratrix, and the right of an administratrix to maintain an action for trespass is dependent on possession of the lands at the time of the trespass. There being no proof that plaintiff had been appointed administratrix at the time of the trespass,

and then had possession as administratrix for the purpose of paying debts and for distribution, prima facie the right to maintain an action on account of the alleged trespass was in her individually as sole heir of her husband; and the judge erred in granting a nonsuit. It follows that, under the record as now presented, the administratrix could not have maintained an action for the trespass. Of course, if it should appear on another trial that the plaintiff had been appointed administratrix and as such had taken possession at the time of the trespass, then the right to maintain the action would be in the plaintiff in her representative capacity, in which event it would be necessary so to amend as to proceed in that capacity. Code, § 81-1308.

The fact that there was an outstanding security deed which passed the legal title would not have prevented the grantor from having such a title as would support an action of trespass, nor would the deed now prevent his sole heir from maintaining an action for a trespass committed after his death. The contention that legal title, for the purpose of this action, was not in her but was in the grantee in the security deed, is not maintainable. *Palmer* v. *Pennington*, 179 *Ga.* 76 (175 S. E. 380), and cit.

The facts that the plaintiff as administratrix had taken possession of other land belonging to the estate of her husband, and had applied to the ordinary for permission to sell that other land to apply on the payment of debts of her intestate, and that this had been done, do not create an inference that she had possession as administratrix, at the time of the trespass, of the tract on which the defendant is alleged to have trespassed. This is especially true as it does not appear that the application, order, and sale of this other land were had prior to the time the defendant is alleged to have committed the trespass.

Whether the damages recoverable by the plaintiff as heir at law from a trespasser are assets of the estate, to be held subject to be administered by the legal representative for the payment of debts of the intestate is not now for decision. See *Reed* v. *Norman*, 157 *Ga.* 183, 185 (121 S. E. 310).

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Jenkins, P. J., concurs. Stephens, J., disqualified.*