**ROBINSON v. GEORGIA SAV. BANK & TRUST CO. (two cases).**
**Nos. 9177, 9178.**

Circuit Court of Appeals, Fifth Circuit.
Oct. 31, 1939.

946

Cam D. Dorsey and Madison Richardson, both of Atlanta, Ga., for appellant.

B. P. Gambrell and Reuben R. Arnold, both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The complainant-appellant as a residuary legatee under the will of her grandmother, Mollie Hall Miller, brought a bill in the District Court against Georgia Savings Bank & Trust Company, both as executor of the will and in its individual capacity, praying an account from the executor and a personal money judgment. A like bill was also filed in behalf of a deceased co-legatee. Diverse citizenship was alleged, and that an amount of more than $3,000 was involved. On motion each bill was "dismissed for want of jurisdiction and necessary parties, in accordance with an opinion filed." The opinion shows that one ground for the dismissal was that the estate was still under administration in the State Court of Ordinary, and that court's possession ought not to be disturbed by a federal court, citing Byers v. McAuley, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867. This appeal followed.

The merits of the case are not now for decision. If they were, the decision between these parties under the same will in Robinson, Adm'x v. Georgia Savings Bank & Trust Co., 185 Ga. 688, 196 S.E. 395, would help. But the nature and scope of the bill are the main matters of dispute. The case of Byers v. McAuley, supra, establishes that an administrator is an officer of the court appointing him, and that a federal court will not interfere with his possession for his court of the estate nor take over the administration, but may, where jurisdiction otherwise exists, determine (but not enforce) claims against the estate, or the claim of a distributee which is contested, or his interest in particular property. See also Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80; Sutton v. English, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285.

It is faintly urged that this executor is not an officer of the probate court but an independent executor, since his will excuses him from making annual returns and gives him power of sale. We do not agree. Under the laws of Georgia the Court of Ordinary has the powers of a court of probate, Constitution, Art. 6, § 6, with original, exclusive and general jurisdiction over the estates of deceased persons, including the appointment of representatives, their sales of property, the making of settlements with distributees, and final accounts and discharge. Code 24-1901. A will must be there probated. Code 113-603. The nominated executor must qualify and receive letters testamentary. Code 113-615. He may be required to give bond, Code 113-1216; and if an unfit person, may be removed and another representative appointed. Code 113-1229. All the general provisions of law relating to an administrator apply to an executor. Code 113-1101. Though he be relieved by the will of making annual returns and be empowered to sell without order of the court, he is always subject to citation for misconduct by a person at interest or by the court itself. Code 113-1229. He is to be finally settled with and discharged by the court. Code 113-2201, 113-2301. Every executor in Georgia is as clearly a court officer as is an administrator. Realty is assets to pay debts equally with personalty, and though title to land vests in the heirs-at-law where there is no will, and in the devisees on assent of the executor when there is a will, we think land as well as personalty in the possession and control of the representative is a part of the res to be administered by the Court of Ordinary. The court may order it sold either to pay debts or for distribution. Code 113-1706. It may divide it in kind in settling the estate. Code 113-1018.

The appellant contends with greater force that only a personal judgment is ultimately prayed for, and that a federal court may give such a judgment against the representative of an estate for waste or

mismanagement, for it concerns and affects in no way the property in the hands of the State court. We must, therefore, examine the bill to see what it seeks to do. It sets up that in 1921 the will was probated in the Court of Ordinary by the executor, who qualified before the court, took charge of the estate, paid its debts and certain special legacies. The executor then held a residuum consisting of three parcels of real estate, certain bank stocks, and a solvent note for $2,000, of the total value of $50,000. The will provided: "I will that the entire residue of my estate of every kind and character wherever situated be divided by my executor into four equal shares as herein provided, and that one * * * of said shares go to the children of my daughter, Mary Tupper." The complainant is one of the two children of Mary Tupper. The will continues: "My said executor is directed to pay over to each grandchild its proportionate share upon its becoming twenty-one years of age." Complainant reached majority Oct. 9, 1928. There were twelve other grandchildren, the last to become of age in December, 1939. The executor was by the will directed to control and manage the residuum for the benefit of the grandchildren, with power to sell or otherwise dispose of any of it at public or private sale without order of court so long as the estate was not completely administered. The executor never has divided the estate into four shares, but did sell and divide the bank stock in 1930, complainant getting her part. The note of $2,000 was never collected, though collectible. It is not alleged to be worthless or barred now. The real estate is still on hand, but it is worth much less than it was in 1928 when complainant should have gotten her share. She has received only her part of the proceeds of the bank stock in 1930. She says other grandchildren have gotten more. She does not allege any demand on the executor to sell the real estate or sue the note, but does claim that by his failure to do so the value of her legacy has been greatly reduced. The bill concludes thus: "Plaintiff has no plain, adequate and complete remedy at law, and brings this bill in equity for an accounting and for the ascertainment of her interest in said estate. Wherefore plaintiff prays (a) that a full and complete accounting be had to the extent that the same may be necessary in order to ascertain the value of plaintiff's legacy"; that dividends and proceeds of bank stock be charged in the account with interest; that the uncollected note be charged to the executor with interest; that he be charged with the fair market value of the real estate as of January, 1925, when it should have been sold and divided, or at such other date as it should have been sold; that credit be given for the proceeds of the bank stock paid to complainant, and that she have a personal money judgment for what is now due her.

The bill can be construed only as one for a final settlement with the executor. It does not seek to have adjudged a liability for a particular devastavit alone. A devastavit by a failure to collect the $2,000 note would not involve enough to give federal jurisdiction in this suit for her share. A devastavit by a neglected duty to sell the land, resulting in loss, if we suppose such a duty existed,[1] would not authorize the plaintiff to abandon the land and recover the value of her share of it. The land was not devised to the executor but to the grandchildren, and they own it in common according to the will until it is sold or divided. It is to be regarded as an estate to be administered until a division is had. The will did not command a sale but only permitted it. The State law provides for division in kind at the instance of a representative or a devisee. Code 113-1018, and see Crumley v. Laurens Banking Co., 141 Ga. 603, 81 S.E. 871. The complainant on coming of age could have gotten her share of the residuum in kind, or if that was impractical, could have forced a sale. But if the fault in not acting is the executor's, and if he was bound at any particular time to sell and because of his want of diligence has become personally liable for a loss, he has not thereby become the owner of the land. A trustee who converts personal property may of course be sued for its full value. So one who unlawfully disposes of land may be liable for its value, but we do not understand that a negligent failure to sell land gives any right to a beneficiary to abandon it to the trustee and claim its value from him. A trustee who by his negligence causes injury to property in his hands has been likened to a bailee. It is well settled that a bailee such as a carrier, who has not converted the property in his

---

[1] The Supreme Court of Georgia held no such duty appeared: Robinson v. Georgia Sav. Bank & Trust Co., 185 Ga. 688, 196 S.E. 395.

hands but has negligently suffered injury to it or by unreasonable delay has caused loss to its owner through a lessened market value, may be held liable for damages, but the owner cannot reject the property if of any value. Southern Express Co. v. Hanaw, 134 Ga. 445, 460, 67 S.E. 944, 137 Am.St.Rep. 227; Brown, Shapleigh & Co. v. Clayton, 12 Ga. 564, 565; Wilensky v. Central of Ga. Ry. Co., 136 Ga. 889, 72 S.E. 418, Ann.Cas.1912D, 271; 9 Am.Jur., Carriers, § 560. A fortiori land could not be abandoned to the negligent manager of it. It is plain that there cannot be any settlement with this executor touching the land, assuming that he may be liable for a loss of value in it, except by selling or dividing the land in kind and then ascertaining the devastavit, if any. The realizing on and the division of the estate in hand is administration, and the Georgia Court of Ordinary has the jurisdiction to do that. The prayers of this bill for a full accounting to complainant of her share in the estate cover exactly the function of the Court of Ordinary.

In Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260, the State probate court had finished its work. There was no question of the federal court taking the administration from it, for the estate had been long closed. In Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 13, 54 L.Ed. 80, the administration was open as it is here, but a controversy arose as to the rights of the complainant. She asserted that certain legacies had lapsed and that the benefit of the lapse accrued to her as residuary legatee. She prayed the federal court to give her a decree that the legacy had lapsed, that two of the co-residuary legatees who were made parties had abandoned their interests in the lapse, and that she was the sole owner of it. She also made prayers that amounted to taking a general account of the estate with a judgment for all that was due her. The bill was dismissed below, but the Supreme Court, after reviewing the decisions as to how far a federal court would go, pending administration in the probate court, in fixing claims against or to a part of the estate, said: "In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the mat-

ter; for it is the result of the cases that, in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with." But it held also that the right asserted by the complainant to the lapsed legacy and to exclude the other residuary legatees was a separate matter which the federal court could adjudge, adding: "If the Federal court finds that the complainant is entitled to the alleged lapsed legacy and the residue of the estate, while it cannot interfere with the probate court in determining the amount of the residue arising from the settlement of the estate in the court of probate, the decree can find the amount of the residue * * * to belong to the complainant, and to be held in trust for her, thus binding the executor personally." In the present case there is no dispute that the complainant owns one-eighth of the residue. The only thing she asks is that the value of it be ascertained by an account on lines she lays down. In Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 281, 83 L.Ed. 285, the State court got jurisdiction over a trust by the trustees having filed in it two partial accounts. In the federal court a bill was filed mainly to establish devastavits of the trust and for an account of the trust. The court said: "No question is presented in the federal court as to the right of any person to participate in the res or the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus." It was held that what was sought fell within the prior asserted jurisdiction of the State court and the federal court should not interfere.

The Georgia statutes, after establishing the general jurisdiction over estates in the Court of Ordinary, add: "A court of equity shall have concurrent jurisdiction * * * over the settlement of accounts of administrators." Code, 113-2203. The reference is to the State courts of equity. This provision has no bearing on the principles of comity between State and federal courts.

Irrespective of any question of necessary or indispensable parties, we think the relief prayed for cannot be granted in a federal court and the judgment dismissing the suit is in each case

Affirmed.