19244.   WILSON *et al. v.* WHITMIRE *et al.*

ARGUED FEBRUARY 13, 1956—DECIDED MARCH 12, 1956.

*Ivylyn Oliver Perry, Joseph G. Collins,* for plaintiff in error.
*R. F. Schuder, Wheeler, Robinson & Thurmond,* contra.

ALMAND, Justice. The exception here is to an order sustaining general demurrers to a petition seeking specific performance of an oral agreement, or in the alternative, damages. Mattie Daniel Wilson and six others filed a petition against Onie Daniel Whitmire and two others, in which she alleges:

The plaintiffs and defendants are the children and stepchildren of Martha S. Daniel, and her children were her sole heirs at law. Martha S. Daniel died intestate on February 5, 1953, and among the assets of her estate was an indebtedness of $3,500 due by the plaintiff to her mother, secured by a deed to described property. At the time of the death of the intestate, the plaintiff had paid $1,700 on said indebtedness. On the day following her death, at the instance and request of the defendant Onie Daniel Whitmire, all of said children and stepchildren agreed that, if the plaintiff would pay all the debts and funeral expenses of the intestate, all of said parties would cancel the security deed from the plaintiff to the intestate and release the plaintiff from said debt. The plaintiff agreed to pay all known debts and others, if any, that the estate of her mother was liable for. The plaintiff has paid all known debts against her mother's estate, amounting to $1,809.15, and all the children and stepchildren except Onie Daniel Whitmire have performed their oral agreement by signing a writing directing the Clerk of the Superior Court of Hall County to cancel said security deed.

The prayers are that the defendant Whitmire be required to direct the clerk of the superior court to cancel the security deed, or in the alternative, if specific performance not be decreed, that the plaintiff recover full and complete damages from the defendant Whitmire.

The defendants Whitmire and Head filed demurrers to the petition. The grounds of their demurrer in substance are: (1) the plaintiff shows no right of action against the defendants; (2) the petition is insufficient to show that there was any valuable consideration as between the plaintiff Wilson and the defendant Whitmire, or the value of the property in controversy, or the value of the consideration, and shows no basis for a performance of the parol agreement; and (3) the plaintiff Wilson is undertaking to make the defendant Whitmire responsible for the debt, default, or miscarriage of another by parol agreement, the same being unlawful and without any legal force. One ground of the demurrer of the defendant Head is that there is no prayer as to any relief against her.

It seems to be well settled in this State that the heirs of an intestate, when sui juris, may as among themselves settle up the estate as they choose, and their adjustment or settlement will be good against one another, and, at least in equity, against mere strangers. *Amis* v. *Cameron*, 55 *Ga.* 449 (1), 451. Oral agreements for such purpose, whether relating to personalty or real estate, are taken out of the statute of frauds by performance. *Alderman* v. *Chester*, 34 *Ga.* 152. In the last-cited case, it is said that such family and friendly settlements and distribution of estates without the aid of administration by persons of full age are greatly favored by the courts, because they save expense, prevent family feuds, and put the parties interested speedily in possession and enjoyment of their rights. As to such family settlements constituting in equity valuable considerations, see *Smith* v. *Smith*, 36 *Ga.* 184 (91 Am. D. 761); *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81); *Broderick* v. *Reid*, 164 *Ga.* 474 (1) (139 S. E. 18); *Evans* v. *Sawilowsky*, 179 *Ga.* 547 (4) (176 S. E. 625).

It appears from the allegations of the petition in this case that, pursuant to the agreement of the other children, each of them except the defendant Whitmire signed an order providing for cancellation of the security deed. The plaintiff Wilson carried out her part of the agreement by paying all of the known debts of the intestate, and therefore, the consideration for the promise of Whitmire is valid because of injury to the plaintiff. Code § 20-302.

It is insisted that the oral agreement between the parties was

unilateral and not mutual, in that the other children could not have required the plaintiff to perform her agreement to pay the intestate's debts. The answer to this contention is that the agreement on the part of Mrs. Wilson has been performed. The test of mutuality is to be applied at the time the contract is to be enforced, and if the promisee has performed the agreed act, then the promise is valid and binding. The doing of the contemplated act furnishes the consideration for the original agreement, even though such agreement at its inception was nudum pactum. *Brown* v. *Bowman*, 119 *Ga.* 153 (46 S. E. 410) ; *Hall* v. *Wingate*, 159 *Ga.* 630 (1 c) (126 S. E. 796) ; *Breed* v. *National Credit Assn.*, 211 *Ga.* 629 (1) (88 S. E. 2d 15). The performance on the part of the plaintiff by paying the debts of the intestate takes the contract out of the provisions of Code § 20-401 (2), which requires that a promise to pay the debt of another be in writing, and brings it within the exception of Code § 20-402 (2, 3), in that such performance on her part would render it a fraud for the opposite party to refuse to comply if the court did not compel performance on her part.

It is further insisted that equity will not grant specific performance in this case, because the act sought to be compelled relates to personal property, and no reasons are alleged to take it out of the general rule that equity will not decree specific performance of contracts relating to personal property. *Carolee* v. *Handelis*, 103 *Ga.* 229 (29 S. E. 935). Suffice it to say that the act which the plaintiff seeks to require the defendant Whitmire to perform does not relate to personal property. The security deed from the defendant Wilson to the intestate conveyed the legal title to described real estate, and this interest in realty passed to the intestate's children on the death of their mother when she died intestate. This deed, which was attached to the petition, provides that, upon failure of the grantor to comply with one or more conditions therein, a right and option was given to the intestate, "her heirs, successors or assigns," to exercise the power of sale given in the deed, and such right was granted only to the intestate, "her heirs, successors or assigns," so that at the death of the intestate all her right, title, and interest in this security deed passed to her heirs, and under the terms of the deed they were empowered to execute an order providing for the cancellation of the deed of

record. The act which the plaintiff seeks to have the defendant Whitmire perform is one binding on the heirs upon payment of the indebtedness, and may be enforced by specific performance. Code § 67-1306; *Bank of LaFayette* v. *Giles*, 208 *Ga.* 674 (2) (69 S. E. 2d 78).

The defendant Head insists that her demurrer was properly sustained because there is no prayer for relief against her. Though she may not have been an essential party to the suit, she was a party to the agreement, and in order that all parties thereto may be bound by whatever judgment is rendered in the case, she is a proper party. *Gilmore* v. *Johnston*, 14 *Ga.* 683 (2); *Lavender* v. *Thomas*, 18 *Ga.* 668 (4).

It follows from what has been said that it was error to sustain the general demurrers and dismiss the petition.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., not participating.*