### 36248. EVANS et al. v. LITTLE et al.

NICHOLS, Justice.

This case involves a dispute between two groups of co-tenants. Appellant Evans brought an action in superior court seeking partition of a 50-acre farm and an accounting for the proceeds that appellee Little had retained from rental of the farm and from the sale of timber. Nine co-tenants joined with Evans; the other seven with Little. Four days after Evans gave the twenty days' notice required by Code Ann. § 85-1506 that he would seek partitioning and an accounting, Little filed an application in probate court seeking appointment as permanent administrator of the estate left by his father, Joel Henry Little. Joel Henry Little had died intestate in 1937, and the co-tenants in this case are the heirs at law (or their successors) of his estate — the 50-acre farm. Appellees filed a motion to dismiss the superior court action because appellants' complaint was not actually filed until after appellee Little had been appointed temporary administrator of the estate. The superior court granted the motion to dismiss because the probate court action was already pending. Appellants appeal the dismissal; this court reverses.

The sole issue presented in this appeal is whether or not the superior court erred in refusing to take jurisdiction of the partition action because appellees' petition for administration and sale was pending in probate court.

The appellees contend that they should be allowed to proceed with administration of the estate in probate court. They argue that the probate court can resolve all matters relative to partitioning the estate under Code Ann. § 113-1018 and relative to accounting for rents and profits under Code Ann. § 113-2201. The essence of this argument is that where the probate court can provide full and complete relief to the parties, a court of equity will not assume jurisdiction. *Salter v. Salter,* 209 Ga. 511 (74 SE2d 241) (1953); *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145) (1950). While the rule of law cited by appellees in these cases is unquestionably correct, neither case is factually similar to the present case. *Salter* involved the attempt by a devisee under a will to "take the estate away from the executors" who had been directed by the will to hold the devisee's share under a spendthrift trust. See *Salter v. Salter,* 209 Ga. 90 (70 SE2d 453) (1952). *Hamrick* also involves an executor specifically named in the testator's will, and an effort to "wrest the administration of the estate from the hands of the executor" after he

failed to include certain assets in the inventory and appraisal of the estate.

In examining the facts of this case, it is undisputed that the estate could have been administered in 1937 when the owner of the farm, Joel Henry Little, died. It is also true that under Code Ann. § 113-901 when the owner of real property dies, title vests immediately in his heirs at law, *"subject to be* administered by the legal representative, if there is one, for the payment of debts, [or] the purposes of distribution . . ."* (Emphasis supplied.) This statute establishes the threshold requirement that an administrator may exercise his powers as administrator of real property only when it is necessary to pay outstanding debts of the estate or to distribute the estate among the heirs. *Collins v. Henry,* 155 Ga. 886 (118 SE 729) (1923); *Smith v. Fischer,* 52 Ga. App. 598 (184 SE 406) (1935). Since the intestate died in 1937 and no administration was necessary at that time, nor during the subsequent forty-two years, to pay any debts of the estate, the only basis upon which appellee Little may claim that administration is necessary is for distribution of the estate. See 9 EGL 60, Descent and Distribution, § 74.

The facts show that appellee Little did not seek appointment as administrator until after the appellants gave notice that they would seek a partitioning of their co-owned property pursuant to Code Ann. § 85-1504. This statute provides: "In all cases where two or more persons are common owners of lands . . . by descent . . . and *no provision is made by will* or otherwise as to how such lands . . . shall be divided, any one of such common owners may apply to the *superior court* . . . for a writ of partition." (Emphasis supplied.) Appellees contend that distribution by the probate court pursuant to Code Ann. § 113-1018 is equivalent to partitioning. This court disagrees. First, the putative need for distribution did not arise until the appellants sought partitioning from the other tenants in common. Second, the partitioning statute specifically applies to this factual situation, while it is at best questionable whether a distribution in kind or a sale of the estate is required for purposes of proper administration. See *Crumley v. Laurens Banking Co.,* 141 Ga. 603 (81 SE 871) (1914). The reason appellants seek a partitioning is to determine their shares as tenants in common. "[T]he statute relating to partition of realty expressly provides that in all cases where two or more persons are common owners of land by descent, any one of such owners may apply for a writ of partition." *Hunnicutt v. Rogers,* 135 Ga. 595, 597 (69 SE 913) (1910). The existence or non-existence of administration of the estate does not preclude the bringing of a partition action by a tenant in common. *Chambers v. Schall,* 209 Ga. 18 (70 SE2d 463) (1952). Here the heirs at law were vested with title as

tenants in common, and the proper remedy for a division of their respective interests was through a partitioning action in superior court.

There is another important reason why a court of equity should exercise jurisdiction over this case. Appellee Little allegedly has collected rent for the farm and has sold timber from the farm. Little's liability to the other tenants in common for the amounts he collected is based upon his status as a co-tenant; and not his status as administrator. *Ray v. Dooley,* 208 Ga. 811 (69 SE2d 766) (1952); *Zeagler v. Zeagler,* 190 Ga. 220 (9 SE2d 263) (1940); *Hoyt v. Ware,* 156 Ga. 98 (118 SE 734) (1923); *Collins,* supra. Little, who may have received more than his share of the rents, is liable as an agent or bailee to the other co-tenants. Code Ann. § 85-1004. In resolving the amount Little owes, he may claim that he is entitled to set off his expenditures for improvements to the property, for taxes he has paid, or for other items. See Pindar, Ga. Real Estate Law, § 7-83 to § 7-90.

Because these claims are an inherent part of this case, the provision for settlement of an administrator's accounts in Code Ann. § 113-2201 is not applicable. That code section does not provide for a settlement of accounts between co-tenants. Thus, the probate court is without jurisdiction to resolve this dispute which involves equitable claims asserted by these co-tenants. *Logan v. Nunnelly,* 230 Ga. 588 (198 SE2d 321) (1973). "Equity jurisdiction . . . shall extend to . . . accounts between . . . tenants in common." Code Ann. § 37-301; *Brewton v. McLeod,* 216 Ga. 686 (119 SE2d 105) (1961); *Matson v. Crowe,* 193 Ga. 578 (19 SE2d 288) (1942). If the superior court exercises its equity jurisdiction in order to fully and adequately resolve all the issues between the tenants in common, it will not be an interference with the orderly administration of the estate. The proper jurisdiction for appellants' action is in the superior court.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 2, 1980 — DECIDED SEPTEMBER 4, 1980.

*Floyd H. Wardlow, Jr.,* for appellants.
*John R. Rogers,* for appellees.
Inez J. Mason, Willard Johnson, *pro se.*