## A02A1763. WILLIAMS et al. v. WILLIAMS.
(578 SE2d 582)

PHIPPS, Judge.

This case involves a dispute between several heirs of the estate of Peter Williams and the administrator of the estate. The administrator petitioned the probate court to sell a tract of land belonging to the estate. The probate court approved the sale over the objection of several heirs. The objecting heirs appealed the probate court's decision to the superior court.[1] The superior court denied the objecting heirs' motion for summary judgment[2] and granted summary judgment to the administrator on his cross-motion. The objecting heirs appeal, and we affirm because the administrator was entitled to sell the land for distribution and there are no material facts in dispute that would alter this conclusion.

To prevail on summary judgment, "the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable

---

[1] See OCGA § 5-3-2 (a). The appeal is a de novo proceeding. OCGA § 5-3-29.

[2] See *Woodall v. First Nat. Bank*, 118 Ga. App. 440 (1) (164 SE2d 361) (1968) (summary judgment is available in a de novo appeal to the superior court from a decision of the probate court).

to the nonmoving party, support judgment as a matter of law."[3] "Our review is de novo..[Cit.]"[4]

Peter Williams died intestate on November 17, 1955. He was survived by his wife and 11 children, all of whom are now deceased. The estate remained without an administrator for the next 38 years. Adolphus Williams, Jr., one of many surviving heirs, was appointed temporary administrator of the estate on September 10, 1993, to litigate a third party's attempt to foreclose a deed to secure debt on a portion of the estate's land. After that litigation was resolved in the estate's favor, he was appointed permanent administrator without objection on June 3, 1996. As administrator, he filed a petition with the probate court on April 9, 2001, for leave to sell an approximately 100-acre tract of land for distribution.[5] The petition listed over 50 surviving heirs at law to the estate.

The objecting heirs contend that the proposed sale is improper because it impairs their vested interest in the property.[6] When Peter Williams died intestate, the property in question vested in his heirs at the time of his death under OCGA § 53-4-8 (a):

> Upon the death of the owner of any estate in real property, which estate survives him the title thereto shall vest immediately in his heirs at law, subject to be administered by the legal representative, if there is one, for the payment of debts, the purposes of distribution, and other purposes provided for by law.[7]

Granting the administrator's petition to sell the estate's land did not improperly divest the heirs of their rights in the property because the heirs' rights in the land vested as of the date of the intestate's death, *subject to* administration for purposes of payment of the estate's debt or for distribution.

The objecting heirs refer us to former OCGA § 53-2-7 (b):

> If no administrator is appointed within five years after the death of an intestate, the title to all property owned by the

---

[3] (Footnote omitted.) *Hutchins v. J. H. Harvey Co.*, 240 Ga. App. 582, 584 (524 SE2d 289) (1999).

[4] *Pyle v. City of Cedartown*, 240 Ga. App. 445, 446 (524 SE2d 7) (1999).

[5] The petition showed the sale was both to pay the debts of the estate and for distribution, but there is no evidence that the estate has any outstanding indebtedness.

[6] In their motion for summary judgment before the superior court, the objecting heirs' central contention was that Adolphus Williams, Jr. should not have been appointed administrator of the estate. But the appointment of an administrator cannot be collaterally challenged in a proceeding involving sale of estate property. See *Scarborough v. Long*, 186 Ga. 412, 414 (1) (197 SE 796) (1938).

[7] Ga. L. 1943, p. 236, § 1. Formerly codified as Code Ann. § 113-901. See, e.g., *Turner v. Kelley*, 212 Ga. 175, 177 (91 SE2d 356) (1956).

decedent, both real and personal, shall vest in the decedent's heirs and shall be deemed to have become vested in them as of the date of the decedent's death.[8]

This provision was enacted in 1996[9] as part of the new Probate Code effective January 1, 1998. Although Peter Williams's estate was without an administrator during the window of time that OCGA § 53-2-7 (b) was in effect, the estate had previously vested in the heirs as of the date of Peter Williams's death under the then-applicable law, and the nature of that interest was not affected by the later-enacted statute.[10] Accordingly, former OCGA § 53-2-7 (b) does not change our conclusion that the rights of the heirs in the property remained subject to the rights of an administrator to distribute the property.

*Evans v. Little*,[11] which is relied upon by the objecting heirs, is unpersuasive. *Evans* concerned the property of an intestate estate which had remained without an administrator for 42 years. A cotenant of the estate property filed a petition for partition, which the superior court dismissed because a petition for appointment of an administrator was pending before the probate court. Our Supreme Court reversed, finding that "the heirs at law were vested with title as tenants in common, and the proper remedy for a division of their respective interests was through a partitioning action in superior court."[12] Our Supreme Court's analysis indicated, however, that an administrator could have been appointed for purposes of distribution.[13] In this case, there is no petition for partition and an administrator is already in place.

The objecting heirs also rely on *Dukes v. Cairo Banking Co.*[14] and *Wilson v. Whitmire*.[15] *Dukes* is not factually or legally analogous. *Wilson* concerns a dispute among heirs with regard to their agreement to settle the estate without the aid of administration. Our Supreme Court noted that

[i]t seems to be well settled in this State that the heirs of an intestate, when sui juris, may as among themselves settle

---

[8] For a description and history of this provision, see Pindar, Real Estate Law, 2000, § 15-69, p. 717 and 2001 Supp., p. 98.

[9] See Ga. L. 1996, p. 504, § 10. The five-year period was changed to three years in Ga. L. 1998, p. 1586, § 9. The Code section was rewritten effective May 1, 2000, to provide that any property surviving the intestate vests immediately in the heirs on the death of the intestate.

[10] See generally *Smith v. Fischer*, 52 Ga. App. 598, 600-601 (184 SE 406) (1936) (emphasizing that vesting occurs immediately upon death of the intestate). And as provided by the Probate Code effective January 1, 1998, "no vested rights of title, year's support, succession, or inheritance shall be impaired" by its enactment. OCGA § 53-1-1 (b).

[11] 246 Ga. 219 (271 SE2d 138) (1980).

[12] Id. at 220-221.

[13] Id. at 220.

[14] 220 Ga. 507 (140 SE2d 182) (1965).

[15] 212 Ga. 287 (92 SE2d 20) (1956).

up the estate as they choose, and their adjustment or settlement will be good against one another, and, at least in equity, against mere strangers.[16]

One of the objecting heirs averred through an affidavit that Peter Williams's wife and children took possession of his land and paid his bills after his death, that many of the heirs used the land for hunting and farming, and that "some of the heirs built houses on lands which had been owned by Peter A. Williams." But the record does not show that there was ever an agreement among the heirs to settle the property and dispense with administration.

Inasmuch as no material issues of disputed fact remain outstanding as to the proposed sale, we affirm the superior court's grant of summary judgment to Adolphus Williams, Jr., as administrator, and its denial of summary judgment to the objecting heirs.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 26, 2003.

*Charles H. Edwards*, for appellants.
*Donald W. Huskins*, for appellee.