A03A0666. ALLEN v. EDGE.
(584 SE2d 686)

PHIPPS, Judge.

Ralph Allen appeals pro se from a superior court order that approved the probate court's appointment of George Edge as administrator of the estate of Mary Edge and authorized him to sell estate property. Allen challenges certain actions taken by Edge as administrator and claims that Edge should not have been authorized to sell estate property. We find no merit in Allen's claims and affirm the superior court's decision.

Both Allen and Edge are grandsons of Mary Edge, who died in 1939. In 1995, Allen asked Edge to help him pay taxes on property of Mary Edge's estate to avoid foreclosure. Allen agreed to repay Edge,

[25] OCGA § 45-1-4 (e).

but never did. Edge then sought appointment as administrator of Mary Edge's estate so that he could sell property of the estate to satisfy estate debts, including his own claim. Allen opposed the appointment and petitioned the court to appoint him as administrator. After conducting a hearing, the Monroe County Probate Court appointed Edge as administrator, authorized him to sell property owned by the estate and approved Edge's request for reimbursement for taxes paid on certain property of the estate and for attorney fees. Allen appealed to the Monroe County Superior Court, which affirmed.

1. Allen claims that Edge, as administrator, cannot seek repayment of the property taxes he paid because he has an interest in the property as an heir of Mary Edge's estate.

The payment of property taxes by an heir to avoid the foreclosure of estate property constitutes a proper charge against the estate.[1] The fact that Edge was appointed administrator of the estate does not preclude him from being a creditor; it merely requires that he share with other creditors of equal priority.[2]

2. Allen claims that several false statements were made about him at the probate court hearing, which was not transcribed. Allen also claims that the probate court refused to allow him to elicit testimony from Edge that he had deducted the property taxes paid for the estate from his personal income taxes.

Without a transcript or an agreed-upon statement of the events at the probate court hearing, "we must presume the trial judge ruled correctly on all issues presented and that the evidence was sufficient to support the judgment."[3] We cannot consider factual assertions in briefs that are not supported by the record.[4] And parties cannot supplement the record by attachments to their briefs.[5] Thus, we are unable to consider the tapes Allen submitted with his brief and must presume that the probate court ruled correctly.[6]

3. Allen claims that the probate court ruling allowing the public sale of estate property violates his rights as an heir and the rights of other heirs. He relies on OCGA § 53-14-5[7] and *Clay v. Clay*,[8] neither of which applies.

When Mary Edge died intestate, all land she owned vested immediately in her heirs, subject to administration to pay debts and

---

[1] See *Griffin v. Fleming*, 72 Ga. 697, 703-704 (1884).
[2] See OCGA § 53-7-42 (a).
[3] (Citations omitted.) *Hamm v. Willis*, 201 Ga. App. 723 (1) (411 SE2d 771) (1991).
[4] *Hixson v. Hickson*, 236 Ga. App. 894, 895 (1) (512 SE2d 648) (1999).
[5] Id.
[6] See *Sherard v. Aldridge*, 251 Ga. App. 445, 446 (1) (554 SE2d 590) (2001).
[7] OCGA § 53-14-5 was repealed in 1991.
[8] 268 Ga. 40 (485 SE2d 205) (1997).

make distribution.[9] Thus, Allen's rights in the estate property, as well as the rights of the other heirs, were subject to the rights of an administrator to pay debts. Allowing Edge to sell estate property to pay debts of the estate did not violate Allen's rights or the rights of the other heirs.[10]

4. Allen claims that Mary Edge's direct descendants, all of whom are now deceased, wanted the property at issue to be developed for the benefit of their heirs and not sold and that their desires should be respected, even if they were only expressed orally.

Whether oral or written, the original heirs' alleged desire to preclude the sale of their real property after their deaths is unenforceable as an invalid restraint on alienation.[11]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 1, 2003.

Ralph M. Allen, *pro se.*
*W. Ashley Hawkins*, for appellee.

---

[9] *Slade v. Barber*, 200 Ga. 405, 409 (1) (37 SE2d 143) (1946); *Smith v. Fischer*, 52 Ga. App. 598, 599 (1) (184 SE 406) (1936) (construing former Code Ann. § 113-901, which was in effect at the time of Mary Edge's death).

[10] See *Williams v. Williams*, 259 Ga. App. 888 (578 SE2d 582) (2003).

[11] See *Jackson v. Jackson*, 215 Ga. 849, 851 (113 SE2d 766) (1960).